|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail: stephen.ravin@saul.com<br>turner.falk@saul.com<br><br>*Proposed Counsel to the Debtor and Debtor in Possession* | Order Filed on February 14, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC,<br><br>Debtor.<br>Tax I.D. No. 80-0403560 | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>NORTHLANDS ORTHOPAEDIC INSTITUTE LLC,<br><br>Debtor.<br>Tax I.D. No. 83-0549828 | Chapter 11<br><br>Case No. 25-11372 (JKS)<br><br>(Joint Administration Requested) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 507(a) FOR AUTHORITY TO (I) PAY CERTAIN PREPETITION WAGES, SALARIES AND REIMBURSABLE EMPLOYEE EXPENSES; (II) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS; (III) CONTINUE EMPLOYEE BENEFIT PROGRAMS; AND (IV) <u>FOR RELATED RELIEF</u>**

The relief set forth on the following pages numbered two (2) through four (4) is

**ORDERED.**

**DATED: February 14, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

55082099.5

| | |
|---|---|
| Debtors: | New Jersey Orthopaedic Institute LLC, *et al.* |
| Case No. | 25-11370 (JKS) |
| Caption: | ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 507(a) FOR AUTHORITY TO (I) PAY CERTAIN PREPETITION WAGES, SALARIES AND REIMBURSABLE EMPLOYEE EXPENSES; (II) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS; (III) CONTINUE EMPLOYEE BENEFIT PROGRAMS; AND (IV) FOR RELATED RELIEF |

AND NOW, upon consideration of the Debtors' Motion (the "**Motion**")[1] pursuant to sections 105, 363 and 507(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing, but not directing, the Debtors to (i) pay certain prepetition wages (and associated taxes) and reimbursable employee expenses, (ii) pay and honor employee medical and other benefits, (iii) continue employee benefit programs and (iv) other related relief, and any responses to the Motion, and after notice and hearing, it is hereby **ORDERED** and **DECREED** as follows:

1. The Motion is **GRANTED** to the extent set forth below.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, and 507 of the Bankruptcy Code, to pay and honor all prepetition obligations associated with the Employee Obligations (defined below) and to continue the programs and maintain funding in the ordinary course of business, to the extent requested in the Motion, relating to: (i) Unpaid Compensation, Payroll Maintenance, Deductions, Withholdings, and Employer Payroll Taxes, excepting those amounts owed to Dr. Vincent McInerney or Lisa McInerney prepetition; (ii) Employee Benefits; and (iii) Worker's Compensation Policies and Programs; <u>provided</u> that payments per Debtor for wages, salaries, severance, and paid time off shall not exceed $15,150.00 for each individual unless otherwise ordered by this Court (collectively, the "**Employee Obligations**"). For the avoidance of doubt, and notwithstanding anything in this Order to the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Page 3
Debtors:   New Jersey Orthopaedic Institute LLC, *et al.*
Case No.   25-11370 (JKS)
Caption:   ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 507(a) FOR AUTHORITY TO (I) PAY CERTAIN PREPETITION WAGES, SALARIES AND REIMBURSABLE EMPLOYEE EXPENSES; (II) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS; (III) CONTINUE EMPLOYEE BENEFIT PROGRAMS; AND (IV) FOR RELATED RELIEF

contrary, each Debtor shall not make any payments above the limits set forth in 11 U.S.C. § 507(a)(4) and 11 U.S.C. § 507(a)(5).

3. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Withholdings, Deductions and Employer Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

4. The Debtors are further authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Employee Obligations.

5. In accordance with this Order (or other Order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the Employee Obligations described in the Motion is authorized and directed to (i) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtor related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on or subsequent to the Petition Date, without any duty to inquire otherwise.

6. The Debtors are authorized, but not directed, to issue new post-petition checks, or effect new electronic funds transfers, on account of prepetition Employee Obligations and claims

Page 4
Debtors: New Jersey Orthopaedic Institute LLC, *et al.*
Case No. 25-11370 (JKS)
Caption: ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 507(a) FOR AUTHORITY TO (I) PAY CERTAIN PREPETITION WAGES, SALARIES AND REIMBURSABLE EMPLOYEE EXPENSES; (II) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS; (III) CONTINUE EMPLOYEE BENEFIT PROGRAMS; AND (IV) FOR RELATED RELIEF

to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases.

7. This Court retains jurisdiction to construe and enforce this Order.

8. The Debtors are hereby authorized and empowered to take such steps and perform such acts as may be necessary to effectuate the terms of this Order.

9. Notwithstanding Bankruptcy Rules 6003, 6004, this Order shall be effective and enforceable immediately upon entry. The Court expressly finds that there is no reason for delay in the implementation of this Order.