| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>            turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* | Order Filed on February 14, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC,<br><br>　　　　　　　　Debtor.<br>Tax I.D. No. 80-0403560 | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>NORTHLANDS ORTHOPAEDIC INSTITUTE LLC,<br><br>　　　　　　　　Debtor.<br>Tax I.D. No. 83-0549828 | Chapter 11<br><br>Case No. 25-11372 (JKS)<br><br>(Joint Administration Requested) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF**

The relief set forth on the following pages numbered two (2) through six (6) is **ORDERED.**

**DATED: February 14, 2025**

　　　　　　　　　　　　　　　　　　　　　　　Honorable John K. Sherwood
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court

55080122.5 02/13/2025

Page 2

| | |
|---|---|
| Debtors: | New Jersey Orthopaedic Institute LLC, *et al.* |
| Case No. | 25-11370 (JKS) |
| Caption: | ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF |

AND NOW, upon consideration of the Debtors' Motion (the "**Motion**")[1] pursuant to sections 105(a), 363 of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to continue using their existing Bank Accounts and Business Forms, and any responses to the Motion, and after notice and hearing, it is hereby ORDERED and DECREED as follows:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not required, to (i) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date; (ii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession; (iii) use, in their present form, all correspondence and Business Forms (including, but not limited to, letterhead, purchase orders and invoices), as well as checks and all other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtors' status as debtor-in-possession; provided that in the event the Debtors generate new checks during the pendency of the Chapter 11 Cases, such checks shall include a legend referring to the Debtors as "Debtor-In Possession." The Debtors shall advise the Banks immediately to restyle the Bank Accounts as "Debtor-In-Possession" Accounts.

3. The Banks are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, and ACH Payments issued by the Debtors and drawn on the Bank Accounts after the Petition Date to the extent the Debtors have sufficient funds standing to their credit with such Bank; provided that

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

55080122.5 02/13/2025

Page 3
Debtors:  New Jersey Orthopaedic Institute LLC, et al.
Case No.  25-11370 (JKS)
Caption:  ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE
          DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS
          AND BUSINESS FORMS AND FOR RELATED RELIEF

any payments drawn, issued, or made prior to the Petition Date shall not be honored absent direction of the Debtors and a separate order of the Court authorizing such payment.

4. Each of the Banks is authorized to debit the Debtors' Bank Accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtors' Bank Accounts that are cashed at such Bank's counters or exchanged for cashiers' checks by the payees thereof prior to the Bank's receipt of notice of the commencement of the Chapter 11 Cases; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtors' Bank Accounts with such Bank prior to the Petition Date that have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such costs and fees prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

5. The Banks may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein, and shall not be liable to any party on account of (i) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry), (ii) honoring of any prepetition checks, drafts, wires, or ACH Payments in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, wire,

55080122.5 02/13/2025

Page 4
Debtors: New Jersey Orthopaedic Institute LLC, *et al.*
Case No. 25-11370 (JKS)
Caption: ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF

or ACH Payment, or (iii) an innocent mistake made despite implementation of reasonable handling procedures.

6. Those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the post-petition cash management relationship between the Debtors and the Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, (ii) either the Debtors or the Banks may, without further Order of this Court, implement changes to the cash management systems and procedures in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts.

7. The requirements of section 345(b) of the Bankruptcy Code are hereby waived for the next sixty (60) days as to the Debtors' Bank Accounts and the Banks.

8. The Debtor is authorized to open any new bank accounts or close bank accounts as it may deem necessary and appropriate in its business judgment and discretion, provided that the Debtor will provide notice of same to the Office of the United States Trustee within five (5) business days of opening or closing a bank account. The United States Trustee will have 14 days from receipt of such notice to file any objection with regard to the opening or closing of a bank account, or such later date as may be extended by the Court or agreed to between the Debtor and the United States Trustee. Any new debtor-in-possession bank account must bear the designation "Debtor-in-Possession" and must be held at a depository approved by the United States Trustee or the Debtor and the specific bank may enter into a depository agreement that is acceptable to the

Page 5
Debtors:   New Jersey Orthopaedic Institute LLC, *et al.*
Case No.   25-11370 (JKS)
Caption:   ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE
           DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS
           AND BUSINESS FORMS AND FOR RELATED RELIEF

United States Trustee.

9. With regard to the Banks that are party to a UDA with the U.S. Trustee, the Debtors shall within five (5) business days from the entry of this order (a) contact the Banks, (b) provide the Banks with each of the Debtors' employer identification numbers, and (c) instruct them to rename the Bank Accounts as "Debtor in Possession" accounts with the Petition Date and the lead case number included on the account title.

10. Notwithstanding the Debtors' use of any consolidated Cash Management System, the Debtors shall calculate quarterly fees payable under 28 U.S.C. § 1930(a)(6) based on the disbursements of (or on behalf of) each Debtor regardless of which entity actually makes such disbursements.

11. The Debtors shall maintain accurate and detailed records of all transfers, including but not limited to, intercompany transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions.

12. The US Trustee shall have sixty (60) days from the date of entry of this Order, or such additional time as may be extended through consent of the Debtors and the US Trustee or for "cause," to object to the relief granted herein. If the U.S. Trustee does not file a written objection within sixty (60) days from the date of entry of this Order, or such additional time as may be extended through consent of the Debtors and the U.S. Trustee or by order of the Court for "cause," the Debtors shall be authorized to maintain and utilize the Bank Accounts on a permanent basis, without compliance with the investment guidelines set forth in section 345(b) of the Bankruptcy Code. If the U.S. Trustee files an objection within the sixty (60) day period, as the same may be

Page 6

| | |
|---|---|
| Debtors: | New Jersey Orthopaedic Institute LLC, *et al.* |
| Case No. | 25-11370 (JKS) |
| Caption: | ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF |

extended, the Court shall schedule the matter for a hearing. In such event, the Debtors shall be authorized to maintain the Bank Accounts, and shall be excused from opening new debtor-in-possession accounts, pending further Order of the Court.

13. Notwithstanding Bankruptcy Rules 6003, 6004 this Order shall be effective and enforceable immediately upon entry; the Court expressly finds that there is no reason for delay in the implementation of this Order.

14. This Court retains jurisdiction to construe and enforce this Order.

United States Bankruptcy Court
District of New Jersey

In re:                                                                                              Case No. 25-11370-JKS
New Jersey Orthopaedic Institute LLC                                                                Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                          User: admin                                  Page 1 of 2
Date Rcvd: Feb 14, 2025                       Form ID: pdf903                              Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 16, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + New Jersey Orthopaedic Institute LLC, 504 Valley Road, Suite 200, Wayne, NJ 07470-3534 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 16, 2025                      Signature:        /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 14, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Carl J. Soranno | on behalf of Defendant Anthony Scillia MD csoranno@bracheichler.com, dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Carl J. Soranno | on behalf of Creditor John Callaghan csoranno@bracheichler.com dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Carl J. Soranno | on behalf of Defendant John Callaghan MD csoranno@bracheichler.com, dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Carl J. Soranno | on behalf of Creditor Anthony Scillia csoranno@bracheichler.com dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Carl J. Soranno | |

Case 25-11370-JKS    Doc 22    Filed 02/16/25    Entered 02/17/25 00:18:02    Desc Imaged
Certificate of Notice    Page 8 of 8

| District/off: 0312-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Feb 14, 2025 | Form ID: pdf903 | Total Noticed: 1 |

| | |
|---|---|
| | on behalf of Creditor Academy Orthopaedics LLC csoranno@bracheichler.com, dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Carl J. Soranno | on behalf of Defendant Casey Pierce MD csoranno@bracheichler.com, dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Carl J. Soranno | on behalf of Defendant Anthony Festa MD csoranno@bracheichler.com, dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Carl J. Soranno | on behalf of Defendant Academy Orthopaedics LLC csoranno@bracheichler.com, dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Carl J. Soranno | on behalf of Creditor Craig Wright csoranno@bracheichler.com dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Carl J. Soranno | on behalf of Creditor Anthony Festa csoranno@bracheichler.com dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Carl J. Soranno | on behalf of Defendant Craig Wright MD csoranno@bracheichler.com, dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Carl J. Soranno | on behalf of Creditor Casey Pierce csoranno@bracheichler.com dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Stephen B. Ravin | on behalf of Debtor New Jersey Orthopaedic Institute LLC sravin@saul.com jgillman@saul.com |
| Stephen B. Ravin | on behalf of Plaintiff Northlands Orthopaedic Institute LLC sravin@saul.com jgillman@saul.com |
| Stephen B. Ravin | on behalf of Plaintiff New Jersey Orthopaedic Institute LLC sravin@saul.com jgillman@saul.com |
| Turner Falk | on behalf of Debtor New Jersey Orthopaedic Institute LLC turner.falk@saul.com catherine.santangelo@saul.com;tnfalk@recap.email |
| Turner Falk | on behalf of Plaintiff New Jersey Orthopaedic Institute LLC turner.falk@saul.com catherine.santangelo@saul.com;tnfalk@recap.email |
| Turner Falk | on behalf of Plaintiff Northlands Orthopaedic Institute LLC turner.falk@saul.com catherine.santangelo@saul.com;tnfalk@recap.email |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 19