| |
|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>              turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Jointly Administered) |

### DECLARATION OF KINGA SKALSKA-DYBAS, CHIEF FINANCIAL OFFICER OF THE DEBTORS, PURSUANT TO 11 U.S.C § 333

I, Kinga Skalska-Dybas, hereby declare as follows:

1.  I am the Chief Financial Officer ("CFO") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records.

2.  On February 10, 2025 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.

---

[1] The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828. The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

55104506.7

3. The instant bankruptcy case was precipitated by a dispute between the Debtors and former doctors that were members of the Debtors. The current members of the Debtors and these departing doctors and associated parties - Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D., and Academy Orthopaedics LLC (collectively, the "Judgment Plaintiffs") engaged in a contested "business divorce" over the terms of their departure and the financial obligations created thereby. The Debtors did not file their cases due to issues with patient care or an inability to pay their vendors.

4. The parties to the dispute engaged in binding arbitration. The arbitral body entered an award, which found substantially in favor of the Judgment plaintiffs and against the Debtors.

5. The Superior Court of New Jersey Passaic County Chancery Division, General Equity entered an order in *Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D., and Academy Orthopaedics LLC v. Vincent McInerney, M.D., New Jersey Orthopaedic Institute LLC, and Northlands Orthopaedic Institute LLC*, case no. PAS-C-26-24 in favor of the Judgment Plaintiffs on February 19, 2024.

6. After considering alternatives, and unable to reach an agreement with the Judgment Plaintiffs, the Debtors determined that they must file the instant chapter 11 cases to attempt to save and restructure the business. Through these bankruptcy cases, the Debtors intend to timely file a Plan of Reorganization setting forth the Debtors' means to satisfy their creditors, including the Judgment Plaintiffs, in a manner that is in the best interest of the Debtors and all parties in interest.

7. The Debtors operate out of one location, where both surgical and primary care services are provided. Surgeons provide services on behalf of Northlands Orthopaedic Institute and claims by surgeons reimbursement are submitted on behalf of Northlands Orthopaedic Institute. Surgeons are, for the most part out-of-network with insurance carriers. Primary care

55104506.7

providers provide services on behalf of New Jersey Orthopaedic Institute, which is a subsidiary of Northlands Orthopaedic Institute. Claims by primary care providers are submitted on behalf of New Jersey Orthopaedic Institute. The primary care providers are in-network with most insurance carriers. Note that both Northlands Orthopaedic Institute and New Jersey Orthopaedic Institute accept Medicare. The Debtors routinely receive payment for services from private health insurers and governmental entities for services performed. Together, the Debtors are an orthopedic and sports medicine practice that provides medical and surgical services to patients. The practice also offers services to numerous local schools, as well as medical coverage during high school football games. The majority of the patients treated by the Debtors are adults.

8. The Debtors operate an entirely outpatient facility treating members of their local communities; they are not an inpatient facility that treats a high volume of patients. When the Debtors perform orthopedic surgeries, these procedures are performed either in surgical centers or hospitals, not the Debtors' facility.

9. As of the Petition Date, the practice has four doctors and one mid-level provider (the "Medical Professionals").

10. The Debtors' Medical Professionals are duly licensed to practice medicine in New Jersey and their licenses are in good standing. More specifically, the Debtors' doctors maintain their in-network, Medicare certifications and follow the rules of Medicare. The Debtors abide by HIPAA regulations and train their employees on these regulations. The Debtors also have an electronic medical record system in place for HIPAA purposes and encrypt their emails to assure the protection of sensitive information. The Debtors' patients also have access to their medical records through a secured HIPAA related portal.

3

55104506.7

11. The Debtors have their facility thoroughly cleaned on a daily basis. The Debtors train their employees on how to properly handle and dispose of waste and also employ a third party to remove waste from the facility properly. The Debtors hire MedSafe on an annual basis to evaluate the cleanliness of their facility. MedSafe examines factors such as the status of waste, where medications are stored and how they are stored, and whether information of patients and staff are properly secured.

12. The Debtors have been in business for approximately 15 years and the only malpractice cases currently pending against them are for the actions of doctors no longer employed by the Debtors. Additionally, there have been no new malpractice cases since the separation of the Judgment Plaintiffs from the Debtors. The Debtors have medical malpractice insurance which is current and in place.

13. The Debtors' patient records are held at the Debtors' facility located at 504 Valley Road, Suite 200, Wayne, New Jersey 07470.

14. The Debtors perform billing in preparation of claims in-house.

15. I believe that it is not necessary to appoint an ombudsman to monitor the quality of care that the Debtors' patients will receive, or to otherwise represent or protect the interest of the Debtors' patients. The Debtors will continue to deliver the same level of patient care that the Debtors have provided throughout the history of their medical practice. Further, the patient records have always been and will continue to be maintained at the Debtors' facility. Finally, the Debtors' cash flow is in jeopardy.

[remainder of page left intentionally blank]

55104506.7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: February 28, 2025                             Respectfully submitted,

                                                     */s/ Kinga Skalska-Dybas*
                                                     Kinga Skalska-Dybas
                                                     Chief Financial Officer

5

55104506.7