<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**SAUL EWING LLP**
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:   stephen.ravin@saul.com
           turner.falk@saul.com

*Proposed Counsel to the Debtors and Debtors in Possession*

</td></tr>
</table>

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*, | Case No. 25-11370 (JKS) |
|  | (Jointly Administered) |
| Debtors.[1] |  |

## DECLARATION OF KINGA SKALSKA-DYBAS
## CHIEF FINANCIAL OFFICER OF THE DEBTORS

I, Kinga Skalska-Dybas, hereby declare as follows:

1.    I am the Chief Financial officer ("CFO") of the above-captioned debtors and debtors in possession (collectively, the "Debtors").  I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records.

2.    On February 10, 2025 (the "Petition Date"), the Debtors filed  voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

---

[1]    The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828.  The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

55111307.5

3.      No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been established in this case.

4.      Collectively, the Debtors form an orthopaedic and sports medicine practice that provides medical and surgical services to patients.  The practice also offers services to numerous local schools, as well as medical coverage during high school football games.  As of the Petition Date, the practice has four doctors and one mid-level provider.

5.      In connection with the operation of the Debtors' business, the Debtors maintain various insurance policies and workers' compensation programs (as renewed, amended, modified, endorsed, and/or supplemented from time to time, and including any exhibit or addenda thereto, collectively, the "Insurance Policies and Programs" and all insurance premiums, assessments, service providers' fees or broker's fees and other obligations related thereto, including any taxes or other fees, collectively, the "Insurance Obligations") through several different insurance carriers (the "Insurance Carriers").

6.      The Insurance Policies and Programs provide the Debtors with insurance coverage related to, among other things, malpractice, workers' compensation, employment practices liability, and cyber security.

7.      The Debtors maintain the Insurance Policies and Programs to help manage and limit the risks associated with operating their business. The Insurance Policies and Programs are essential to the preservation of the value of the Debtors' business and property.

8.      Some of the Insurance Policies and Programs are required by the various regulations, laws, and contracts that govern the Debtors' commercial activities.

55111307.5

9.      Pursuant to the Insurance Policies and Programs, the Debtors pay premiums based upon a fixed rate established and billed by each Insurance Carrier (collectively, the "Insurance Premiums").

10.      The Debtors do not believe any pre-petition amounts are currently due and owing on account of the Insurance Premiums.  Post-petition, insurance premiums may come due for coverage periods that include pre-petition periods.  Out of an abundance of caution, the Debtors seek authority to pay any such pre-petition Insurance Premiums when they become aware of them.

11.      Included in their Insurance Policies and Programs, the Debtors maintain workers' compensation insurance (the "Workers' Compensation Program").

12.      Although the Debtors do not believe any such amounts are outstanding, out of an abundance of caution, the Debtors seek approval to pay any Insurance Obligation related to the pre-petition period that may be owed to an insurance broker.

13.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.


Dated: February 28, 2025                              Respectfully submitted,

                                                      /s/ Kinga Skalska-Dybas
                                                      Kinga Skalska-Dybas
                                                      Chief Financial Officer

55111307.5