# **EXHIBIT B**

(Proposed Order)

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>              turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in*<br>*Possession* |

| | |
|---|---|
| In re: | Chapter 11 |
| NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*, | Case No. 25-11370 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | |

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) FOR AUTHORITY TO (I) MAINTAIN, RENEW AND CONTINUE INSURANCE POLICIES AND PROGRAMS AND (II) HONOR ALL INSURANCE OBLIGATIONS

The relief set forth on the following pages, numbered (2) through four (4) is hereby

**ORDERED.**

---

[1]      The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828.  The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

Page 2
Debtors:     New Jersey Orthopaedic Institute LLC, *et al.*
Case No.     25-11370 (JKS)
Caption:     ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) FOR AUTHORITY
             TO (I) MAINTAIN, RENEW AND CONTINUE INSURANCE POLICIES AND
             PROGRAMS AND (II) HONOR ALL INSURANCE OBLIGATIONS

AND NOW, upon consideration of the Debtors' Motion (the "<u>Motion</u>")[2] Pursuant to

Sections 105(a), 363, 503 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"),

Authorizing the Debtors to (i) Maintain, Renew and Continue Insurance Policies and Programs

and (ii) Honor all Insurance Obligations, and any responses to the Motion, and after notice and

hearing, it is hereby ORDERED and DECREED as follows:

1.      The Motion is GRANTED.

2.      The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b),

and 503(b) of the Bankruptcy Code, to maintain, renew, and continue, in accordance with practices

and procedures that were in effect before the commencement of the Chapter 11 Cases, (i) the

Insurance Policies and Programs and (ii) any collateral or other security related to the Insurance

Policies and Programs.

3.      The Debtors are further authorized, but not directed, pursuant to sections 105(a),

363(b), and 503(b) of the Bankruptcy Code, to pay, in the ordinary course of business and not on

an accelerated basis, all Insurance Obligations relating to the Insurance Policies and Programs

(including, without limitation, amounts owed to the insurance service providers and assessments,

broker's fees, taxes or other fees arising under or relating to the Insurance Policies and Programs,

regardless of whether accruing or relating to the period before or after the Petition Date).

4.      The Debtors are further authorized, but not directed, to revise, extend, supplement,

and/or modify their insurance coverage as needed, including without limitation, through the

revision, modification, purchase, or renewal of new or existing Insurance Policies and Programs.

---

[2]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

55111307.5

Page 3
Debtors:        New Jersey Orthopaedic Institute LLC, *et al.*
Case No.        25-11370 (JKS)
Caption:        ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) FOR AUTHORITY
                TO (I) MAINTAIN, RENEW AND CONTINUE INSURANCE POLICIES AND
                PROGRAMS AND (II) HONOR ALL INSURANCE OBLIGATIONS

5.      To the extent the Debtors subsequently become aware of additional Insurance

Policies and Programs that have not previously been disclosed, or to the extent the Debtors enter

into new Insurance Policies and Programs, the Debtors shall disclose these additional Insurance

Policies and Programs to the U.S. Trustee and the professional advisors to any official creditors'

committee(s) appointed in the Chapter 11 Cases.

6.      In accordance with this Order (or any other order of this Court), each of the financial

institutions at which the Debtors maintains their accounts relating to the payment of the Insurance

Obligations described in the Motion is authorized and directed to (i) receive, process, honor, and

pay all checks presented for payment and to honor all fund transfer requests made by the Debtors

related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept

and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or

automated clearing house transfers should be honored or dishonored in accordance with this or

any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on,

or subsequent to the Petition Date, without any duty to inquire otherwise.

7.      The Debtors are authorized, but not directed, to issue new post-petition checks, or

effect new electronic funds transfers, on account of prepetition Insurance Obligations to replace

any prepetition checks or electronic fund transfer requests that may be lost or dishonored or

rejected as a result of the commencement of the Debtors' Chapter 11 cases.

8.      Any payment made or to be made under this Order, and any authorization contained

in this Order, shall be subject to the terms of any orders authorizing the use of cash collateral

entered by this Court in the Chapter 11 Cases.

9.      Except for those rights expressly granted in this Order, nothing contained in the

55111307.5

Page 4
Debtors:      New Jersey Orthopaedic Institute LLC, *et al.*
Case No.      25-11370 (JKS)
Caption:      ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) FOR AUTHORITY
              TO (I) MAINTAIN, RENEW AND CONTINUE INSURANCE POLICIES AND
              PROGRAMS AND (II) HONOR ALL INSURANCE OBLIGATIONS

Motion or this Order, nor any action taken or payment made pursuant to the authority granted by

this Order, is intended to be or shall be construed as (i) an admission as to the validity, amount,

classification, or priority of any claim or lien against the Debtors, (ii) a waiver of the Debtors' or

any party-in-interest's rights to dispute the validity, amount, classification, or priority of any claim

or lien against the Debtors, (iii) an admission as to the validity, priority, enforceability, or

perfection of any lien on, security interest in, or other encumbrance on property of the Debtors'

estate, (iv) a waiver of any claims or causes of action that may exist against any entity, or (v) an

approval or assumption of any agreement, contract, program, policy, executory contract or lease

under section 365 of the Bankruptcy Code.

10.      Except for those rights expressly granted in this Order, nothing herein shall create,

or is intended to create, any rights in favor of or enhance the status of any claim held by any

claimant.

11.      This Court retains jurisdiction to construe and enforce this Order.

12.      The Debtors are hereby authorized and empowered to take such steps and perform

such acts as may be necessary to effectuate the terms of this Order.

13.      Notwithstanding Bankruptcy Rules 6003, 6004, this Order shall be effective and

enforceable immediately upon entry. The Court expressly finds that there is no reason for delay in

the implementation of this Order.

55111307.5