## EXHIBIT B

(Proposed Order)

55109114.4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**SAUL EWING LLP**
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:   stephen.ravin@saul.com
          turner.falk@saul.com

*Proposed Counsel to the Debtors and Debtors in Possession*

In re:

NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*,

Debtors.[1]

Chapter 11

Case No. 25-11370 (JKS)

(Jointly Administered)

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 366 PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION CLAIMS AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

The relief set forth on the following pages, numbered two (2) through five (5) is hereby **ORDERED.**

---

[1] The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828. The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

55109114.4

Page 2
Debtors:   New Jersey Orthopaedic Institute LLC, *et al.*
Case No.   25-11370 (JKS)
Caption:   ORDER PURSUANT TO 11 U.S.C. §§ 105, 366 PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION CLAIMS AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

AND NOW, upon consideration of the Debtors' Motion (the "Motion")[2] pursuant to sections 105(a), 366 of Title 11 of the United States Code (the "Bankruptcy Code"), (a) prohibiting the Debtors' utility service providers, including, but not limited to the Utility Companies listed on Exhibit "A"[3] attached to the Motion, from altering, refusing, or discontinuing services on account of outstanding prepetition claims, and (b) establishing procedures for determining requests for additional adequate assurances of payment for future utility services, and any responses to the Motion, and after notice and hearing, it is hereby ORDERED and DECREED as follows:

1.   The Motion is GRANTED on an a final basis to the extent set forth herein.

2.   The Debtors are authorized to pay on a timely basis, in accordance with their pre-petition practices, all undisputed invoices with respect to post-petition Utility Services rendered by the Utility Companies.

3.   Absent any further order of this Court, no Utility Company shall (a) alter, refuse, or discontinue service to, or discriminate against the Debtors, solely on the basis of the commencement of this case or on account of any unpaid amount for utility service provided prior to the Petition Date, or (b) discontinue service on account of any unpaid prepetition charges or require additional adequate assurance of payment other than the Debtors' ability to pay for future utility services in the ordinary course.

4.   The Debtors may, in the exercise of their business judgment, make additional

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[3]   Nothing contained in Exhibit "A" shall constitute an admission by the Debtors that an entity contained in such nonexclusive list is a utility entitled to the protections afforded by section 366 of the Bankruptcy Code or any other provision of the Bankruptcy Code.

Page 3
Debtors:     New Jersey Orthopaedic Institute LLC, *et al.*
Case No.    25-11370 (JKS)
Caption:    ORDER PURSUANT TO 11 U.S.C. §§ 105, 366 PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION CLAIMS AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

deposits with Utility Companies, pay prepetition claims of Utility Companies, or by agreement with the Utility Company, apply any prepetition deposits, bonds, letters of credit or other assurances of payment to any amount due or that may become due in order to provide assurance of payment.

5.    Unless otherwise agreed by the Debtors and Utility Company, any deposits, bonds, letters of credit or other assurances of payment that were in place prior to the Petition Date shall remain in place and shall continue to be held by each Utility Company holding the same, except upon the entry of further order of this Court.

6.    This Order is without prejudice to the rights of any Utility Company to request from the Debtors additional assurance in the form of deposits or other security, provided however, that any such request must (a) be made in writing and (b) include a summary of the Debtors' monthly usage and payment history relevant to the affected account.

7.    Any Utility Company having made a request for additional adequate assurance of payment shall be deemed to have adequate assurance of payment until the Court enters a final order in connection with such a request finding that the Utility Company is not adequately assured of future payment.

8.    The Debtors shall serve a copy of the Motion (if not already served) and this Order and any other orders entered with respect to the Motion (the "<u>Notice Package</u>") upon each of the Utility Companies listed on Exhibit A attached to the Motion at the addresses listed thereon, by first-class mail, postage prepaid, no later than five (5) business days after the entry of this Order.

9.    Any utility company that is not currently listed on Exhibit A to the Motion, but

Page 4
Debtors:   New Jersey Orthopaedic Institute LLC, *et al.*
Case No.   25-11370 (JKS)
Caption:   ORDER PURSUANT TO 11 U.S.C. §§ 105, 366 PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION CLAIMS AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

subsequently identified by the Debtors, shall be served with the Motion and any orders entered with respect thereto and shall be afforded thirty (30) days from the date of service of the Notice Package to such utility company to make a request for adequate assurance. Substantially contemporaneously with such service, the Debtors shall file with the Court a supplement to Exhibit A adding the name of the utility company or companies so served and not listed on the Exhibit A attached to the Motion and this Order shall be deemed to apply to such utility company or companies from the date of such service, subject to a later order of this Court on a motion for determination of adequate assurance, if any.

10. Any party in interest making a request for adequate assurance shall submit any such request in writing and file same with this Court and serve such request so as to be received no later than thirty (30) days after service of the Notice Package on that party. Service shall be made on the following parties: (A) the U.S. Trustee, (B) Debtors' proposed counsel Saul Ewing LLP, One Riverfront Plaza, 1037 Raymond Boulevard, Suite 1520, Newark, NJ 07102 (Attn: Stephen B. Ravin) (Email: Stephen.ravin@saul.com); (C) all Utility Companies; and (D) any other party that files a request for notices with the Court as of the date of such service.

11. Nothing in this Order or the Motion shall be deemed to affect any burden of proof that either the Debtors or any Utility Company may have in a Determination Hearing or to confer upon the Utility Companies listed in Exhibit A to the Motion the status of a "utility" within the meaning of section 366 of the Bankruptcy Code.

12. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to

55109114.4                                    4

Page 5
Debtors:   New Jersey Orthopaedic Institute LLC, *et al.*
Case No.   25-11370 (JKS)
Caption:   ORDER PURSUANT TO 11 U.S.C. §§ 105, 366 PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION CLAIMS AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

13. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any party.

14. This Court retains jurisdiction to construe and enforce this Order.

15. The Debtors are hereby authorized and empowered to take such steps and perform such acts as may be necessary to effectuate the terms of this Order.

16. Notwithstanding Bankruptcy Rule 6003 this Order shall be effective and enforceable immediately upon entry; the Court expressly finds that there is no reason for delay in the implementation of this Order.