UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE FOR REGIONS 3 AND 9
Peter J. D'Auria, Esq. (PD 3709)
One Newark Center, Suite 2100
Newark, NJ    07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-Mail: Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | : | Chapter 11 |
| In re: | : |  |
|  | : | Case No. 25-11370(JKS) |
| New Jersey Orthopaedic | : | (Jointly Administered) |
| Institute LLC, *et al*. | : |  |
|  | : | Hearing Date: March 11, 2025 |
| Debtors. | : | at 2:00 p.m. |
| _____ | : |  |

**RESPONSE OF THE UNITED STATES TRUSTEE TO
DEBTORS' MOTION FOR ENTRY OF AN ORDER
EXCUSING APPOINTMENT OF PATIENT CARE OMBUDSMAN**

The United States Trustee ("U.S. Trustee"), by and through counsel, in furtherance of his

duties and responsibilities under 28 U.S.C. § 586(a)(3) and (5), respectfully submits this

response (the "Response") to the Debtors' Motion for Entry of an Order Excusing Appointment

of Patient Care Ombudsman (the "Motion"), and respectfully represents as follows:

1.      Pursuant to 11 U.S.C. §586, the UST is obligated to oversee the administration of

Chapter 11 cases.   Under 11 U.S.C. §307, the UST has standing to be heard on any issue in any

case or proceeding under the Bankruptcy Code.   Such oversight is part of the UST's overarching

responsibility to enforce the laws as written by Congress and interpreted by the courts.   See

*United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.2d

1

294, 295-96 (3d Cir. 1994) (noting that the UST has "public interest standing" under 11 U.S.C.

§307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco*

*D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a

"watchdog").

## BACKGROUND

2.      On February 10, 2025, New Jersey Orthopaedic Institute LLC ("NJ Orthopaedic")

and Northlands Orthopaedic Institute LLC ("Northlands") (NJ Orthopaedic and Northlands

collectively referred to herein as "Debtors") each filed a voluntary petition for relief under

Chapter 11 of title 11, United States Code (the "Bankruptcy Code").    The Voluntary Petition

filed by both Debtors indicates that each Debtor is a health care business as defined in 11 U.S.C.

§ 101(27(A)).

3.      An Unsecured Creditors' Committee has not been appointed in these cases.

4.      On February 28, 2025, the Debtors filed the Motion.    The Motion seeks entry of

an order excusing the appointment of a patient care ombudsman in the Debtors cases pursuant to

11 U.S.C. § 333.

## RESPONSE

### *The Debtors' Circumstances Warrant Appointment of Patient Care Ombudsman:*

5.      Under 11 U.S.C. § 333(a)(1) ("Section 333(a)(1)"), a patient care ombudsman

"shall" be appointed "to monitor the quality of patient care and to represent the interests of the

patients of the health care business unless the court finds that the appointment of such

ombudsman is not necessary for the protection of patients under the specific facts of the case."

Congress clearly expected appointment of ombudsmen to be the rule, not the exception.    In light

of Congresses remedial intent in enacting Section 333(a)(1) – and particularly given the fact that

2

no other party in the case is charged with the duty to "monitor the quality of patient care," "represent the interests of patients," and "protect[ ] patients" – bankruptcy courts should be reluctant to find that an ombudsman is not necessary.

6.      In order to obviate the appointment of an ombudsman, it cannot be sufficient to show merely that a debtor is a regulated entity that has not had any complaints.   Congress presumably knew that health care businesses are regulated entities, and that most of them do not have rampant patient care complaints.   Nevertheless, Congress did not require ombudsmen to be appointed only in the "bad" cases – it required ombudsmen to be appointed as a general rule. Thus, for the Debtors to carry the burden required to meet the Section 333(a)(1) exception, they must persuade this Court that this is not the ordinary health care case, but an extraordinary case.

7.      In addition, Section 333(a)(1)'s emphasis is on patient care, not the best interests of creditors or the estate.   Indeed, Congress expressly added "an ombudsman appointed under section 333" to the list of estate professionals entitled to seek compensation under 11 U.S.C. § 330(a)(1), so Congress understood appointing an ombudsman in each health care business case would add to the cost of administering the case.   Yet, Congress determined that an ombudsman "shall" be appointed in each health care business case.   As Congress already took the cost into account when it mandated the appointment of an ombudsman, cost can never be a "specific fact of the case" that obviates the appointment of an ombudsman.

8.      In deciding whether an ombudsman is necessary under the specific facts of the case, some courts have adopted standards analyzing factors including the debtor's reason for filing, the presence of licensing or supervising authorities, the debtor's past history of patient care, the presence and sufficiency of internal safeguards, and the impact of the cost of an ombudsman on the likelihood of a successful reorganization.   *See, e.g.*, *In re Valley Health*

3

*System,* 381 B.R. 756, 761 (Bankr. C.D. Cal. 2008); *In re Alternate Family Care,* 377 B.R. 754,

758 (Bankr. S.D. Fla. 2007).   When applied, these standards almost always result in no

ombudsman being appointed unless the health care business is a hospital or nursing home;

indeed, it is likely that the factors were formulated by debtors seeking to prevent ombudsman

appointments.   Adopting these standards allows courts to exclude from Section 333(a)(1) the

ordinary health care business case, if only for cost reasons – notwithstanding Congresses clear

intent to have ombudsman appointments be the rule rather than the exception, and

notwithstanding Congress's emphasis on the interests of the patients and its tacit

acknowledgment in 11 U.S.C. § 330 that costs of administration will be increased.   To the best

of the U.S. Trustee's knowledge, however, these standards have not been adopted by any Circuit

Court, District Court, or Bankruptcy Appellate Panel, and they certainly have no precedential

impact on this Court.   Thus, these standards should not be adopted by this Court, as they do not

affect the remedial intent of Congress in enacting Section 333(a)(1).

   9.      Here, the Debtors argue that no ombudsman is necessary because, among other

arguments, the Debtors did not file their cases due to issues with patient care, the Debtors are an

entirely outpatient facility, the Debtors did not file due to an inability to pay their vendors, steps

have been taken to ensure facility cleanliness, and that the Debtors have taken necessary

precautions to assure commitment to high quality patient care.   *See*, Motion at ¶¶ 15, 18-20.

However, Congress did not require ombudsman appointments only in extreme cases – it required

ombudsman appointments in the ***ordinary*** case.   The Debtors have presented no basis for this

Court to find that this is anything but the ordinary health care business case.   Moreover, as

demonstrated in continued recent hearings in connection with the Order to Show Cause in the

adversary proceeding[1] that accompanies the Debtors' cases, the Debtors have been operating

under extreme budgetary stress post-petition.   As patient care issues can arise unannounced at

any time, none of the Debtors' arguments obviate the need for a patient care ombudsman to look

out for the unique interests of the patients as this chapter 11 case progresses.   In addition, the

Debtors' arguments do not suggest that any entity is carrying out the unique reporting function

required of ombudsmen under 11 U.S.C. § 333(b).

10.      In sum, there is nothing extraordinary about the Debtors' showing, so there is no

reason not to appoint an ombudsman as Congress mandated in Section 333(a)(1).

***Alternatively, Relief Should Be Considered on an Interim Basis:***

11.      In the event the Court considers granting the relief sought in the Motion, it is

respectfully submitted that any such relief should be on an interim basis at this time.   As

mentioned above, the Debtors have been struggling with extreme budgetary stress since the

Petition Date, and with that continuing concern remains that such circumstances could indeed

affect patient care.   If the Court were to find the Debtors' Motion compelling at this time, the

U.S. Trustee respectfully suggests that any relief be granted on an interim basis, and further that

such relief call for the Debtors to supplement and update the Motion within a reasonable time by

way of a filed declaration reporting on the status of operations of the Debtors.


***[Remainder of Page Intentionally Blank]***

---

[1] *New Jersey Orthopaedic Institute LLC and Northlands Orthopaedic Institute LLC vs. Anthony
Festa, MD, Anthony Scillia, MD, Craig Wright, MD, John Callaghan, MD, Casey Pierce, MD,*

## <u>CONCLUSION</u>

12.    In light of the foregoing, the U.S. Trustee respectfully requests that this Court

enter an order directing the appointment of a patient care ombudsman under 11 U.S.C. § 333, or

alternatively that any granting of the Motion at this time be on an interim basis, and that this

Court grant such further relief as it deems just and proper.


Dated: Newark, New Jersey                        Respectfully submitted,
         March 7, 2025                                   ANDREW R. VARA
                                                         UNITED STATES TRUSTEE
                                                         REGIONS 3 AND 9

                                                         By:_____*/s/ Peter J. D'Auria*_____
                                                         Peter J. D'Auria
                                                         Trial Attorney

---

*and Academy Orthopaedics, LLC*, Adv. Pro. No. 25-01036(JKS).