UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____

**Carl J. Soranno, Esq.**
**BRACH EICHLER, L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey  07068-1067
Tel No.: (973) 403-3139
Fax No.: (973) 618-5539
E-mail:  csoranno@bracheichler.com
*Attorneys for Creditors, Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D. and Academy Orthopaedics, LLC*

| | |
|---|---|
| **IN RE:**<br><br>**NEW JERSEY ORTHOPAEDIC INSTITUTE LLC**<br><br>      Debtor, | Case No.:    25-11370(JKS)<br><br>Chapter 11<br><br>Hon. John K. Sherwood, U.S.B.J. |
| **IN RE:**<br><br>**NORTHLANDS ORTHOPAEDIC INSTITUTE LLC**<br><br>      Debtor, | Case No.:    25-11372(JKS)<br><br>Chapter 11<br><br>**(Jointly Administered)** |

**LIMITED OBJECTION TO DEBTORS' MOTION TO MAINTAIN, RENEW AND CONTINUE INSURANCE POLICIES AND PROGRAMS AND HONOR ALL INSURANCE OBLIGATIONS**

**PLEASE TAKE NOTICE** that Creditors / Adversary Proceeding Defendants, Creditors, Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D. (the "Individual Objectors") and Academy Orthopaedics, LLC ("Academy") (collectively, the "Objectors"), by and through their counsel, Brach Eichler LLC, hereby submit this limited objection to the Debtors, New Jersey Orthopaedic Institute, LLC ("NJOI") and Northlands Orthopaedic Institute, LLC's ("NOI") (collectively, the "Debtors") *Motion Pursuant to 11 U.S.C. §§ 105(a), 363(b) and 503(b) For Authority to*

*(I) Maintain, Renew and Continue Insurance Policies and Programs and (II) Honor All Insurance Obligations. [ECF # 31].*

## OBJECTION

1. Objectors recognize that a medical practice requires insurance coverage to continue operating post-petition, and do not make this objection to the Debtors' motion lightly. However, the Debtors have refused to provide any response to Objectors request for basic information about the insurance policies requested for reimbursement, including **[a]** a copy of the invoices from the Debtors' insurance carriers; **[b]** information why renewed insurance coverage for Dr. Shindle is even necessary, as Objectors understand he was leaving the practice. A true and correct copy of my March 4, 2025 letter to Debtors' counsel is attached hereto as **Exhibit "A"**.

2. MagMutual was listed as a creditor on the Debtors' Bankruptcy Petitions the moment this bankruptcy was commenced, and the Debtors have thus had access to this information since the Petition Date. It should be simple and routine for the Debtors to respond to this request.

3. Moreover, the Debtors have, as of yet, failed to provide a post-petition budget and failed to disclose any information about its revenues and expenses since the Petition Date. Inasmuch as this bankruptcy is now almost a month old, it is anticipated that the Debtor should have sufficient capital to make all post-petition payments for insurance from post-petition revenues. Because the Debtors have yet to clarify this point, Objectors have overarching concerns of whether the continuation of this bankruptcy is leading to a substantial and continuing diminution of the Debtors' bankruptcy estates. At this point, it is reasonable to expect the Debtors to provide their long promised post-petition operating budget and full disclosure on their post-petition revenues before any further expenditures are authorized for any reason.

- 3 -

4. Objectors do not view these requests as overly burdensome and expect that the Debtors should be able to address all of these issues prior to the hearing before the Bankruptcy Court on Tuesday, March 11, 2025, but submit this objection and reserve all rights in the event that the Debtors fail to address Objectors requests raised in my letter of March 4, 2025.

Dated:      March 7, 2025
            Roseland, New Jersey

                              BRACH EICHLER L.L.C.
                              Attorneys for Objectors


                              BY:  /s/ Carl J. Soranno, Esq.
                                   Carl J. Soranno, Esq.