UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Carl J. Soranno, Esq.**
**BRACH EICHLER, L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey  07068-1067
Tel No.: (973) 403-3139
Fax No.: (973) 618-5539
E-mail:  csoranno@bracheichler.com
*Attorneys for Creditors, Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D. and Academy Orthopaedics, LLC*

| | |
|---|---|
| IN RE:<br><br>**NEW JERSEY ORTHOPAEDIC INSTITUTE LLC**<br><br>     Debtor, | Case No.:    25-11370(JKS)<br><br>Chapter 11<br><br>Hon. John K. Sherwood, U.S.B.J. |
| IN RE:<br><br>**NORTHLANDS ORTHOPAEDIC INSTITUTE LLC**<br><br>     Debtor, | Case No.:    25-11372(JKS)<br><br>Chapter 11<br><br>**(Jointly Administered)** |

**OBJECTION TO DEBTORS' APPLICATIONS TO [I] RETAIN ELEMTARY BUSINESS INC. AS DEBTORS' ACCOUNTANT; AND [II] RETAIN FRIER LEVITT AS SPECIAL COUNSEL.**

**PLEASE TAKE NOTICE** that Creditors / Adversary Proceeding Defendants, Creditors, Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D. (the "Individual Objectors") and Academy Orthopaedics, LLC ("Academy") (collectively, the "Objectors"), by and through their counsel, Brach Eichler LLC, hereby submit their objections to [i] Debtors' Application to Retain Elementary Business Inc. as Debtors' financial advisor *[ECF # 52]*; and [ii] Debtors' Application to retain Frier Levitt as its Special Counsel pursuant to 11 U.S.C. § 327(e) *[ECF # 54]*

- 2 -

**OBJECTION**

**I.  DEBTORS' TO NOT PROVIDE A BASIS FOR THE *NUNC PRO TUNC* RETENTION OF ELENTARY BUSINESS, INC., RETROACTIVE TO THE PETITION DATE**

1.  It is presumed that Elementary Business Inc. ("EBI") is being retained as the Debtors' special counsel in place of its pre-petition accounting professionals. Although the Debtors' motion does not provide any basis for the *nunc pro tunc* retention of EBI as its financial advisor, the Debtors' modified proposed form of Order requests such an approval without any basis. Bankruptcy Courts will deny the *nunc pro tunc* retention of professionals where there are no extraordinary circumstances justifying such retention. See In re Fleming Companies, Inc., et. al., 305 B.R. 389 (Bankr. D. Del. 2004) (denying nunc pro tunc retention where no extraordinary circumstance existed justifying nunc pro tunc application) (citing Matter of Arkansas Co., Inc., 798 F.2d. 645 (3d. Cir. 1986). ("retroactive approval of appointment of a professional may be granted by the bankruptcy court in its discretion but that it should grant such approval only under extraordinary circumstances.")

2.  Herein, Objectors did not become aware of Elementary Business Inc. ("EBI") until they appeared for examination at the 341 Meeting, and its not clear what services were provided to the Debtors, if any, prior to that date. Accordingly, more information is required from the Debtors as to [i] when the debtor retained EBI; [ii] when counsel for the Debtors' first became aware of EBI; [iii] the reason the application was not filed sooner, inasmuch as this bankruptcy was filed more than five (5) weeks ago; and [iv] the services provide by EBI since the Petition Date.

3.  Moreover, EBI advised counsel for the Objectors that they would provide a copy of their retainer agreement with the Debtors, but no such retainer was attached to the application. This is significant because the EBI also indicated during the 341 hearing that there hourly rate was $325.00 per hour. Yet, EBI now asks for approval of its retention at a rate of $350.00 per hour.

- 2 -

4. Objectors request clarification from the Debtors on each of the foregoing items before the Court considers the approval of EBI as Debtors' financial advisor.

## II. DEBTORS HAVE NOT PROVIDED A BASIS TO RETAIN FRIER LEVITT AS SPECIAL COUNSEL IN THIS MATTER

5. Pursuant to 11 U.S.C. 327(a), a debtor is authorized to "employ one or more attorneys…that are disinterested persons to represent or assist the trustee in carrying out" duties under the Bankruptcy Code.

6. The standard of disinterestedness for professional to represent a debtor and its estates "provide[s] a minimum standard for the guidance of the court in its appointments, and insure[s] that the persons employed shall have the essential character of independence and disinterestedness which is required. 1 Collier Bankruptcy Manual § 101.13 (1981) (footnotes omitted); see also In re Phil Athletic Club, Inc., 20 B.R. 328, 333-34 (E.D. Pa. 1982).

7. In contrast to Section 327(a), Section 327(e) allows the retention of professionals:

> For a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

8. In order to be retained as section counsel under Section 327(e), "(1) the representation is in the best interest of the estate; (2) the attorney represented the debtor in the past; (3) the attorney is for a specific purpose approved by the court; and (4) the attorney does not represent or hold an interest adverse to the debtor or the debtors' estate." In re Roper and Twardowsky, LLC, 566 B.R. 734, 750 Bankr. D.N.J. 2017). Though the retention of special counsel under Section 327(e) does not require the same rigid standard of disinterestedness as required under Section 327(a), "[u]nder § 327(e), the attorney being

- 3 -

retained…needs to be disinterested 'with respect to the matter on which such attorney is to be employed." In re RIH Acquisitions NJ, LLC, 551 B.R. 563, 569 (Bankr. D.N.J. 2016).

9. Furthermore, courts must "refuse[] to authorize the employment of special counsel --- whose services would overlap with those customarily reserved for general bankruptcy counsel --- regardless of how much familiarity with and understanding of the debtor's affairs special counsel brings to the case." In re Roper and Twardowsky, LLC, 566 B.R. at 750.  Retention under Section 327(e) must be for a "specified special purpose" and should not be employed for the general administration of the case.

10. Herein, it is not clear why the Debtor requires the retention of Frier Levitt, as Debtors merely stated that Frier Levitt is necessary because "in addition to the various bankruptcy-related matters the Debtors will face, the Debtors will need counsel to advise and assist on an assortment of non-bankruptcy related matters and issues that arise." *ECF # 54, ¶ 4*.

11. This is a meaningless statement.  The Debtors need to specifically engage special counsel for each and every specified purpose that they may be required.  Moreover, a close examination of Debtors' choice as Special Counsel requires special consideration given the particular pre-involvement of this law firm with the Debtors, which includes:

- Frier Levitt's status as a creditor of the Debtors' bankruptcy estate, holding a claim of $412,945.25 *[ECF # 27, p. 19]*;

- Frier Levitt's holding of the $1,750,000.00 escrow created during the pre-petition litigation with the Objectors; and

- Frier Levitt was counsel of record for the Debtors **and** their principal, Dr. McInerney during the prepetition litigation against Objectors; and

- Frier Levitt formed a separate medical practice on Dr. McInerney's behalf, the American Bone & Join Institute.  Objectors are currently evaluating whether this entity received any estate property on the Debtors' behalf.

- 4 -

- 5 -

12.　　Lastly, once again, Debtors' seek Frier Levitt's retroactive engagement as special counsel *nunc pro tunc* to February 10, 2025 without basis. The Court cannot approve such an application without explanation and Objectors oppose such a retroactive engagement for the same reasons they have opposed the retroactive retention of EBI, as detailed above.

Dated:　　　March 20, 2025
　　　　　　　Roseland, New Jersey

　　　　　　　　　　　　　　　　　　　BRACH EICHLER L.L.C.
　　　　　　　　　　　　　　　　　　　Attorneys for Objectors


　　　　　　　　　　　　　　　　　　　BY:  /s/ Carl J. Soranno, Esq.
　　　　　　　　　　　　　　　　　　　　　　Carl J. Soranno, Esq.