**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**SAUL EWING LLP**
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:   stephen.ravin@saul.com
            turner.falk@saul.com

*Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*,<br><br>Debtors.[2] | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Jointly Administered)<br><br>HEARING DATE AND TIME:<br>June 10, 2025 at 10:00 a.m.<br><br>OBJECTION DEADLINE:<br>June 3, 2025 |

### DEBTORS' MOTION FOR AN ORDER EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C § 365(d)(4)

By this motion (this "Motion"), the debtors and debtors in possession in the above-captioned debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), granting the Debtors a ninety (90)-day extension, through and including

---

[2] The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828. The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

55493887.3

September 8, 2025, of the statutory deadline for the Debtors to assume or reject unexpired leases (and sub-leases) of nonresidential real property (collectively, the "Real Property Leases"). In support of the Motion, the Debtors respectfully represent as follows.

## BACKGROUND

1. On February 10, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been established in this case. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Collectively, the Debtors form an orthopaedic and sports medicine practice that provides medical and surgical services to patients. The practice also offers services to numerous local schools, as well as medical coverage during high school football games. As of the Petition Date, the practice had four doctors and one mid-level provider. *See* the *Declaration of Kinga Skalska-Dybas Pursuant to Section 365(d)(4) of the Bankruptcy Code* attached hereto.

4. The Debtors primarily operate their businesses out of 504 Valley Road, Suite 200, Wayne, New Jersey 07503 (the "Wayne Facility"). The Debtors lease the Wayne Facility from Valley Partners, LLC.

5. In addition to the Wayne Facility, the Debtors have Real Property Leases for: (i) 111 Madison Ave, Suite 400, Morristown, NJ 07962, leased from AHS Investment Corporation; (ii) 1900 Union Valley Rd, Hewitt, NJ 07421, leased from MJD Realty; (iii) 45 Carey Avenue, Butler, NJ 07405, leased from New Jersey Center for Arthritis and Osteopathy; and (iv) 2520 John

2

55493887.3

F. Kennedy Blvd, Suite C1-Office 2, Jersey City, NJ 07304, leased from Gramercy Pain Center, LLC.

## THE REAL PROPERTY LEASES

6. The Debtors are currently evaluating their assets, resolving disputes stemming from the adversary proceeding captioned *New Jersey Orthopaedic Institute LLC and Northlands Orthopaedic Institute, LLC v. Anthony Festa, et al.*, Case No. 25-01036 (JKS) (the "Adversary Proceeding"), and the claim allowance dispute between the Debtors and Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D., and Academy Orthopaedics LLC (collectively, the "Judgment Creditors") in the Chapter 11 Cases. Given the need for the Debtors and their professionals to focus on these critically important and time sensitive matters during the early stage of these Chapter 11 Cases, the Debtors require more time than the initial period provided under the Bankruptcy Code to evaluate their Real Property Leases. Because the Real Property Leases remain crucial to the continuance of the Debtors' business operations and restructuring efforts, the additional time requested herein will be most beneficial to the Debtors' estates and parties in interest.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory basis for the relief requested herein is section 365(d)(4) of the Bankruptcy Code and Rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## RELIEF REQUESTED

3

9. By the Motion, the Debtors request entry of the Proposed Order extending the deadline for the Debtors to assume or reject the Real Property Leases by ninety (90) days, through and including September 8, 2025, pursuant to section 365(d)(4) of the Bankruptcy Code. Such an extension would be without prejudice to the Debtors' rights, pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, to request further extensions with the consent of the affected lessors.

## BASIS FOR RELIEF REQUESTED

10. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors' deadline to assume or reject the Real Property Leases (the "Assumption/Rejection Deadline") is the date that is 120 days after the Petition Date, *i.e.*, June 10, 2025. *See* 11 U.S.C. § 365(d)(4). Section 365(d)(4)(B) of the Bankruptcy Code provides, however, that on a motion by a debtor, the Court may extend the initial 120-day Assumption/Rejection Deadline by 90 days "for cause." *See* 11 U.S.C. § 365(d)(4)(B). Any subsequent extensions of the Assumption/Rejection Deadline may only be granted with the prior written consent of the affected lessors. *See* 11 U.S.C. § 365(d)(4)(B)(ii).

11. Under section 365(d)(4) of the Bankruptcy Code, if a debtor fails to assume or reject an unexpired lease of nonresidential real property under which the debtor is a lessee prior to the applicable deadline, such lease automatically will be deemed rejected. *See* 11 U.S.C. § 365(d)(4)(A).

12. In the present case, the Debtors believe that ample cause exists to extend the Assumption/Rejection Deadline. Since the commencement of the chapter 11 cases, Debtors' management and professional advisors have been working diligently to ensure the Debtors' smooth entry into chapter 11 and have devoted a significant amount of time and effort in dealing with the myriad of issues attendant to the commencement of a chapter 11 case.

4

55493887.3

13. In the approximately three months that the Chapter 11 Cases have been pending, the Debtors have, among other things (i) obtained significant "first day" and other relief; (ii) retained various professionals; (iii) prepared and filed schedules and statements of financial affairs for the Debtors; (iv) conferred and negotiated issues with the Judgment Creditors in the Adversary Proceeding as well as potential plan confirmation disputes in the Chapter 11 Cases; and (v) otherwise attended to tasks required to administer these Chapter 11 Cases.

14. There are essentially three factors that are weighed by courts in determining whether cause exists to extend the deadline to assume or reject unexpired leases of nonresidential real property:

    a) whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization that may be proposed by the debtor;

    b) whether the case is complex and involves large numbers of leases; and

    c) whether or not the debtor has had sufficient time to intelligently appraise the value of each lease for purposes of a plan of reorganization.

*In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); accord *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) (noting that "it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating").

15. The Debtors submit that a consideration of the *Wedtech* factors supports the requested extension of the Assumption/Rejection Deadline. First, until the Debtors, in their business judgment, determine otherwise, the Real Property Leases are important assets of the Debtors' estates, and therefore the decision to assume or reject the Real Property Leases is necessarily of significant importance to the Debtors' reorganization efforts. The Debtors must be

5

allowed sufficient time to determine which of the remaining Real Property Leases should be assumed or rejected.

16. As to the second and third prongs of the *Wedtech* standard, the Chapter 11 Cases are sufficiently complex bankruptcy cases that the Debtors are appropriately focused on continuing their operations, conferring and negotiating with the Judgment Creditors to resolve issues in connection to the Adversary Proceeding and potential plan confirmation disputes, and working towards proposing a plan that can be confirmed by the Court. Given the Debtors' focus on these matters and the large volume of other tasks required of the Debtors' personnel and professional advisors to date, the Debtors require additional time to evaluate carefully the remaining Real Property Leases to determine the best path forward for such leases. An extension of the Assumption/Rejection Deadline is thus necessary to allow the Debtors sufficient time to evaluate fully the Real Property Leases and afford the Debtors flexibility in prosecuting the Chapter 11 Cases.

## **RESERVATION OF RIGHTS**

17. Nothing contained in the Motion or any actions taken by the Debtors pursuant to relief granted in the Proposed Order is intended or should be construed as (a) an assumption or rejection of any of the Real Property Leases under section 365(a) of the Bankruptcy Code or (b) an admission by the Debtors that a particular agreement is or is not a true lease or subject to section 365 of the Bankruptcy Code. If the Court grants the relief sought herein, any and all of the Debtors' rights, claims, and defenses with respect to the characterization of the Real Property Leases pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved.

*[Remainder of page left intentionally blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, in substantially in the form attached hereto as **Exhibit A** granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: May 16, 2025  **SAUL EWING LLP**

By: */s/ Stephen B. Ravin*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
turner.falk@saul.com

*Counsel for Debtors and Debtors in Possession*