| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> SAUL EWING LLP <br> Stephen B. Ravin, Esquire <br> Turner N. Falk, Esquire <br> One Riverfront Plaza <br> 1037 Raymond Blvd., Suite 1520 <br> Newark, NJ 07102-5426 <br> Telephone: (973) 286-6714 <br> E-mail:   stephen.ravin@saul.com <br>             turner.falk@saul.com <br><br> *Counsel to the Debtors and Debtors in Possession* | |
| In re: <br><br> NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*, <br><br> Debtors.[2] | Chapter 11 <br><br> Case No. 25-11370 (JKS) <br><br> (Jointly Administered) <br><br> HEARING DATE AND TIME: <br> June 10, 2025 at 10:00 a.m. <br><br> OBJECTION DEADLINE: <br> June 3, 2025 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
EXTENDING THE DEBTORS' EXCLUSIVE PERIOD TO FILE
A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

By this motion (this "Motion"), the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"),

---

[2] The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828. The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

55603720.2

(a) extending the period in which the Debtors have the exclusive right to file a chapter 11 plan or plans (the "Exclusive Filing Period") by 120 days, through and including October 8, 2025; and (b) extending the period in which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan or plans (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods") by 120 days, through and including December 8, 2025.[3] In support of this Motion, the Debtors respectfully represent as follows:

## BACKGROUND

1. On February 10, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been established in this case. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**A.    The Debtors' Businesses**

3. Collectively, the Debtors form an orthopaedic and sports medicine practice that provides medical and surgical services to patients. The practice also offers services to numerous local schools, as well as medical coverage during high school football games. As of the Petition Date, the practice had four doctors and one mid-level provider. *See* the *Declaration of Kinga Skalska-Dybas Chief Financial Officer of the Debtors* attached hereto.

---

[3]    One-hundred twenty days after the current Exclusive Solicitation Period is December 7, 2025, a Sunday. However, because December 7, 2025 is not a business day, the Debtors seek an extension to the following Monday, which is December 8, 2025.

2

55603720.2

4. Further information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Kinga Skalska-Dybas in Support of First Day Relief* [D.I. 7] (the "First Day Declaration").

**B.    The Adversary Proceeding**

5. On the Petition Date, by way of a verified complaint and application for an order to show cause, the Debtors commenced an adversary proceeding (Adv. Pro. No. 25-01036 (JKS)) against Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D., and Academy Orthopaedics LLC (collectively, the "Judgment Creditors"), seeking to set aside the Levy (as defined in the First Day Declaration) on the Debtors' bank accounts as a preferential transfer under 11 U.S.C. §§ 547 and 550 and a violation of the automatic stay in order to unfreeze the necessary funds for immediate operations under 11 U.S.C. § 362 (the "Adversary Proceeding").  [Adv. Pro. D.I. 1].

6. On March 13, 2025, the Judgment Creditors filed their *Answer to Adversary Complaint, Affirmative Defenses, Counterclaim and Third Party Complaint* [Adv. Pro. D.I. 17]. Throughout the course of the Chapter 11 Cases and the Adversary Proceeding, the Debtors and Judgment Creditors have made appearances in an effort to enforce their respective rights.

7. During the course of the Chapter 11 Cases and Adversary Proceeding, the Debtors and Judgment Creditors agreed to confer and negotiate the issues in the Adversary Proceeding as well as potential plan confirmation disputes in the Chapter 11 Cases.

8. Ultimately, the Debtors and Judgment Creditors resolved the issues in connection with the Adversary Proceeding and the Chapter 11 Cases.  The Debtors are coordinating with the Judgment Creditors and drafting a motion for entry of an order pursuant to Rule 9019(a) of the

Federal Rules of Bankruptcy Procedure approving the settlement agreement between the Debtors and the Judgment Creditors.

**C.     The Debtors' Exclusivity Periods**

9.    The Debtors' Exclusive Filing Period is scheduled to expire on June 10, 2025, and the Debtors' Exclusive Solicitation Period is scheduled to expire on August 9, 2025.  To ensure that these Chapter 11 Cases continue to progress in an effective and efficient manner, the Debtors seek the extensions requested herein so that they can work toward finalizing the settlement agreement with the Judgment Creditors and addressing other pressing issues arising in these Chapter 11 Cases while also devoting appropriate time to formulating and discussing with key constituents the appropriate path forward in these Chapter 11 Cases.

## JURISDICTION AND VENUE

10.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

11.    The statutory basis for the relief requested herein are sections 105(a) and 1121(d) of the Bankruptcy Code and Rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## RELIEF REQUESTED

12.    By the Motion, the Debtors seek entry of the Proposed Order, pursuant to sections 105(a) and 1121(d) of the Bankruptcy Code, (a) extending the Debtors' Exclusive Filing Period by 120 days, through and including October 8, 2025, and (b) extending the Debtors' Exclusive Solicitation Period by 120 days, through and including December 8, 2025.

## BASIS FOR RELIEF REQUESTED

4

13. Section 1121(b) of the Bankruptcy Code provides that "only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter." 11 U.S.C. § 1121(b). Sections 1121(c)(2) and (3) further provide, in relevant part, that a party in interest may file a plan if and only if "the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter" or "the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief." *See* 11 U.S.C. § 1121(c)(2)–(3).

14. Section 1121(d)(1) provides, in relevant part:

> [O]n request of a party in interest made within the respective periods in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

15. Pursuant to section 1121(d)(2), the 120-day Exclusive Filing Period may not be extended beyond a date that is 18 months after the Petition Date, and the 180-day Exclusive Solicitation Period may not be extended beyond a date that is 20 months after the Petition Date. *See* 11 U.S.C. § 1121(d)(2). In the present case, the requested extensions of the Exclusive Periods, if granted, do not extend beyond these deadlines. Thus, this Motion is consistent with the requirements of Bankruptcy Code section 1121(d)(2).

### I. A Court May Extend the Exclusive Periods for "Cause" under Section 1121(d) of the Bankruptcy Code

16. As indicated above, section 1121(d)(1) of the Bankruptcy Code provides that a court may extend Exclusive Periods for "cause" shown. *See* 11 U.S.C. § 1121(d); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 433 (Bankr. E.D. Pa. 1986). The term "cause" is not defined in the Bankruptcy Code; rather, courts have broad discretion to determine "cause" based on the facts and circumstances of each case. *See First Am. Bank of N.Y. v. Southwest Gloves & Safety Equip., Inc.*,

5

64 B.R. 963, 965 (D. Del. 1986) (stating that section 1121(d)(1) provided the bankruptcy court with flexibility to increase the period of exclusivity in its discretion); *see also In re Burns and Roe Enters., Inc.*, No 00-41610 (RG), 2005 WL 6289213, at *3–4 (D.N.J. Nov. 2, 2005); *In re Sharon Steel Corp.*, 78 B.R. 762, 763–65 (Bankr. W.D. Pa. 1987).

17. Legislative history also makes clear that the term "cause" is intended to be a flexible standard aimed at balancing the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595 at 231–32 (1978). The purpose of exclusivity is to "promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *See* H.R. Rep. No. 95-595, at 36 (1994); *Burns and Roe*, 2005 WL 6289213, at *4. Accordingly, to fulfill Congress's legislative intent, debtors should be granted a reasonable opportunity to remain in control for a period of time to prepare adequate financial and non-financial information regarding the outcome of any proposed plan for disclosure to creditors. *See In re McLean Indus., Inc.*, 87 B.R. 830, 833-34 (Bankr. S.D.N.Y. 1987); *see also In re All Seasons Indus., Inc.*, 121 B.R. 1002, 1006 (Bankr. N.D. Ind. 1990) ("One of the most important reasons for extending the debtor's period of exclusivity is to give the chapter 11 process of negotiation and compromise an opportunity to be fulfilled, so that a consensual plan can be proposed and confirmed without opposition.").

18. To determine whether cause exists to extend the Exclusive Periods, courts consider several non-exclusive factors, including: (i) the size and complexity of a case; (ii) the debtor's need for sufficient time to negotiate a plan and prepare adequate information; (iii) the existence of good faith progress toward reorganization; (iv) whether the debtor is paying its bills as they come due; (v) whether the debtor has shown a reasonable likelihood of proposing a viable plan; (vi) the progress the debtor has made in negotiating with its creditors; (vii) the amount of time that has

55603720.2

elapsed in the case; (viii) whether the debtor is seeking an extension of the exclusive periods to pressure creditors to submit to the debtors' reorganization demands; and (ix) whether any unresolved contingencies exist. *See, e.g.*, *In re Adelphia Comm. Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). No single factor is dispositive in determining whether to extend exclusivity; rather, courts can choose to rely on only a few factors or even altogether differing factors. *See In re Elder-Beerman Stores Corp.*, No. C-3-97-175, 1997 WL 1774880, at *4 (S.D. Ohio June 23, 1997); *Dow Corning*, 208 B.R. at 669–70 (noting that sometimes certain factors are more important or relevant than others).

19. As set forth below, ample cause exists to grant the Debtors' requested extensions of the Exclusive Periods.

**II.    Cause Exists to Extend the Exclusive Periods**

**A.    The Debtors Have Made Good Faith Progress in these Chapter 11 Cases**

20. The Debtors' good faith progress in these Chapter 11 Cases warrants the extensions requested herein. Since the Petition Date, the Debtors have, among other things, (i) obtained significant "first day" and other relief; (ii) retained various professionals; (iii) prepared and filed schedules and statements of financial affairs for the Debtors; (iv) conferred and negotiated issues with the Judgment Creditors in the Adversary Proceeding as well as potential plan confirmation disputes in the Chapter 11 Cases; and (v) otherwise attended to tasks required to administer these Chapter 11 Cases.

21. The Debtors intend to maintain the speed and efficiency of these Chapter 11 Cases. That said, the Debtors are mindful of the time required to finalize the settlement agreement with the Judgment Creditors, draft a confirmable plan, and attend to the tasks required to administer

7

these Chapter 11 Cases. The Debtors thus seek an extension of the Exclusive Periods so that the Debtors, in consultation with their key constituents, can work to develop a viable path forward.

### B. The Debtors Have Demonstrated Reasonable prospect for Filing a Viable Plan or Plans

22. The Debtors' prospects for filing and ultimately confirming a viable chapter 11 plan are favorable. Indeed, the Debtors' progress in achieving their goal of reaching a settlement agreement with the Judgment Creditors, as well as the speed in which the Debtors have made such progress, demonstrate that they will likewise be able to approach the plan formulation in an effective manner. The Debtors also submit that any proposed plan will be structured so as to ensure a maximum recovery to the Debtors' creditors and parties in interest. Thus, because the Debtors have reasonable prospects for filing a viable plan, an extension of the Exclusive Periods is warranted.

### C. The Chapter 11 Cases Have Been Pending for a Short Period of Time

23. The fact that the Chapter 11 Cases have been pending for just over three months, during which time the Debtors have made significant progress, supports the requested extension of the Exclusive Periods. The Debtors need additional time to finalize the settlement agreement with the Judgment Creditors, which in turn will permit the Debtors to craft a confirmable plan. The requested extensions of the Exclusive Periods will provide the Debtors with the time needed to address these issues and thereby permit the Debtors to focus on both resolving such issues in a manner that best serves their estates and creditors and establishing a framework for a viable path forward without the distraction of a looming exclusivity deadline.

### D. No Prejudice to Creditors

24. The Debtors do not believe that the requested extension of the Exclusive Periods will harm the Debtors' creditors or other parties in interest. On the contrary, the Debtors have

conducted these Chapter 11 Cases in an efficient manner, for the benefit of creditors and other parties in interest. In addition, the Debtors are not seeking this extension to prejudice their creditors or to otherwise pressure creditors to submit to reorganization demands. Instead, the Debtors seek the requested extension so that they can maintain the status quo in these Chapter 11 Cases while addressing the other significant time-sensitive and potentially case dispositive issues. Thus, because neither the Debtors' creditors nor any other party in interest will be prejudiced by the proposed extension of the Exclusive Periods, the Debtors submit that the relief requested should be approved.

25. Lastly, although the Debtors hope to be in a position to file a chapter 11 plan or plans within the extended Exclusive Filing Period, the Debtors reserve the right to request further extensions of the Exclusive Periods for cause.

[*Remainder of page left intentionally blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, in substantially in the form attached hereto as **Exhibit A**, (i) extending the Debtors' Exclusive Filing Period by 120 days through and including October 8, 2025; (ii) extending the Debtors' Exclusive Solicitation Period by 120 days, through and including December 8, 2025; and (iii) granting the Debtors such other and further relief as is just and proper.

Dated: May 20, 2025                         **SAUL EWING LLP**

By: */s/ Stephen B. Ravin*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
             turner.falk@saul.com

*Counsel for Debtors and Debtors in Possession*