| |
|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> **SAUL EWING LLP** <br> Stephen B. Ravin, Esquire <br> Turner N. Falk, Esquire <br> One Riverfront Plaza <br> 1037 Raymond Blvd., Suite 1520 <br> Newark, NJ 07102-5426 <br> Telephone: (973) 286-6714 <br> E-mail:  stephen.ravin@saul.com <br>             turner.falk@saul.com <br><br> *Counsel to the Debtors and Debtors in Possession* |

| | |
|---|---|
| In re: | Chapter 11 |
| NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*, | Case No. 25-11370 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | |

# DEBTORS' MOTION FOR CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT, COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN AND RELATED RELIEF

By this motion (this "Motion"), the debtors and debtors in possession in the above-captioned cases (the "Debtors") move, pursuant to sections 105, 1121, 1125, 1126 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), Rules 3014, 3016, 3017, 3017.1, 3018, 9006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 3016-1 and 3018-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") to conditionally approve the disclosure statement for solicitation, set a date for a combined hearing on final

---

[1]    The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828.  The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

55670570.2

approval of the disclosure statement and confirmation of the plan and related relief (the "Motion"), and states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105, 1121, 1125, 1126 of the Bankruptcy Code, Bankruptcy Rules 3014, 3016, 3017, 3017.1, 3018, 9006, and 9014, and Local Rules 3016-1, 3018-1.

4. The Debtors consent to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

5. On February 10, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court")..

6. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been established in this case. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**A.    The Debtors' Businesses**

7. Collectively, the Debtors form an orthopaedic and sports medicine practice that provides medical and surgical services to patients. The practice also offers services to numerous local schools, as well as medical coverage during high school football games. As of the Petition Date, the practice had four doctors and one mid-level provider. *See* the *Declaration of Kinga Skalska-Dybas Chief Financial Officers of the Debtors* attached hereto.

8. Further information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Kinga Skalska-Dybas in Support of First Day Relief* [D.I. 7] (the "First Day Declaration").

**B.    The Adversary Proceeding**

9. On the Petition Date, by way of a verified complaint and application for an order to show cause, the Debtors commenced an adversary proceeding (Adv. Pro. No. 25-01036 (JKS)) against Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D., and Academy Orthopaedics LLC (collectively, the "Judgment Creditors"), seeking to set aside the Levy (as defined in the First Day Declaration) on the Debtors' bank accounts as a preferential transfer under 11 U.S.C. §§ 547 and 550 and a violation of the automatic stay in order to unfreeze the necessary funds for immediate operations under 11 U.S.C. § 362 (the "Adversary Proceeding"). [Adv. Pro. D.I. 1].

10. On March 13, 2025, the Judgment Creditors filed their *Answer to Adversary Complaint, Affirmative Defenses, Counterclaim and Third Party Complaint* [Adv. Pro. D.I. 17]. Throughout the course of the Chapter 11 Cases and the Adversary Proceeding, the Debtors and Judgment Creditors have made appearances in an effort to enforce their respective rights.

11. During the course of the Chapter 11 Cases and Adversary Proceeding, the Debtors and Judgment Creditors agreed to confer and negotiate the issues in the Adversary Proceeding as well as potential plan confirmation disputes in the Chapter 11 Cases.

3

12. Ultimately, the Debtors and Judgment Creditors resolved the issues in connection with the Adversary Proceeding and the Chapter 11 Cases. The Debtors are coordinating with the Judgment Creditors and drafting a motion for entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure approving a global settlement agreement between the Debtors and Judgment Creditors.

**C.    The Disclosure Statement**

13. Contemporaneously herewith, the Debtors filed their combined disclosure statement (the "<u>Disclosure Statement</u>") and plan of reorganization (the "<u>Plan</u>") that addresses the claims of all creditors of the Debtors' estates.

14. Though the Plan is propounded by the Debtors, the Debtors spent significant amount of time negotiating the Settlement Agreement (as defined in the Plan) with the Judgment Creditors and secured the Judgment Creditors' support for the confirmation of the Plan. A motion to approve the Settlement Agreement will be scheduled for a hearing alongside or before the hearing on confirmation of the Plan.

**RELIEF REQUESTED**

**A.    The Disclosure Statement Should Be Conditionally Approved and a Combined Hearing Set for Final Approval and Plan Confirmation**

15. Pursuant to 11 U.S.C. § 105(d), the Court may issue an order to ensure that "the case is handled expeditiously and economically" unless the order conflicts with the Bankruptcy Code or Bankruptcy Rules.

16. The Bankruptcy Rules recognize that in small business cases the expeditious confirmation of a plan conserves a debtor's limited resources. To further the Bankruptcy Code's policy of speedy, cost-minimizing confirmation in such cases, the Bankruptcy Rules provide for the conditional approval of a disclosure statement. Fed. R. Bankr. P. 3017.1.

17. Conditional approvals are not limited to small business cases; they are commonly used in prepackaged bankruptcies to consolidate the final hearing on the disclosure statement with the hearing on confirmation. In re Chivor S.A. E.S.P., No. 02-13291 (BRL), 2002 Bankr. LEXIS 1811 (Bankr. S.D.N.Y. Aug. 13, 2002) (approving disclosure statement and plan in consolidated hearing on prepackaged plan).

18. "Section 105(d)(2) lets this Court 'mix and match' the opportunities and timing for a debtor, creditors, and parties-in-interest, to file plans and disclosure statements, and solicit acceptances of such plans. It is an omnibus provision with which the Court can customize Chapter 11 preconfirmation procedures, as long as those procedures are not inconsistent with other provisions of the Code. Thus, the Court is authorized to use Section 105(d)(2) options as long as they don't conflict with Sections 1121 and 1125." In re Aspen Limousine Serv., Inc., 187 B.R. 989, 995 (Bankr. D. Colo. 1995), aff'd, 193 B.R. 325 (D. Colo. 1996).[2]

19. Courts authorize conditional approval of a disclosure statement and combined hearings even outside of the context of prepackaged or small business plans. In re Gulf Coast Oil Corp., 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009), ("section 1125(f) authorizes combined plans and disclosure statements [hearings] in small business cases and section 105(d) authorizes the court to combine them in other cases.")

20. Outside of prepackaged or small business cases, the determining factor for conditional approval of a disclosure statement is whether the "'universe of claimants' has to be defined before there can be a vote." In re W.R. Grace & Co., 446 B.R. 96, 110 (Bankr. D. Del. 2011) aff'd sub nom. In re WR Grace & Co., 729 F.3d 332 (3d Cir. 2013).

---

[2] But see In re Amster Yard Assocs., 214 B.R. 122, 124 (Bankr. S.D.N.Y. 1997), citing Aspen Limousine for the proposition that interim approval of the disclosure statement and combined hearings on the disclosure statement and plan are barred. It is unclear why the Amster court cited Aspen Limousine to demonstrate the opposite of its core holding on this issue, and Amster should thus be given littler persuasive weight.

21. The universe of claimants potentially entitled to vote is defined in this case. The general bar date was April 21, 2025 and the governmental bar date is August 11, 2025.

22. All anticipated governmental creditors – federal and state taxing authorities – have filed proofs of claims.

23. By this Motion, the Debtors seek conditional approval of the Disclosure Statement and a combined hearing on final approval and confirmation of the plan on July 15, 2025. This will provide sufficient time for all claimants to file claims and vote prior to a July 8, 2025 voting deadline. The Debtors will prepare a report of voting for filing by July 11, 2025.

24. This case is appropriate for conditional approval and a combined hearing since the universe of claims is closed in time for voting to occur.

25. Requiring the Debtors to undertake a full two-stage approval-and-confirmation process will only delay confirmation, increase administrative expenses and decrease the return to creditors.

26. Requiring the Debtors to obtain final approval of the disclosure statement prior to voting would not benefit any creditor or party in interest.

27. The Court may approve a disclosure statement for voting – on an interim or final basis – if it contains adequate information. 11 U.S.C. § 1125(b).

28. "Adequate information" means, in relevant part, "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, … that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan…" 11 U.S.C. § 1125(a).

29. The Disclosure Statement provides adequate information for voting on a conditional basis because it identifies the material sources of funds and the treatment of all creditor

classes. The Debtors' future performance is merely continued operations, and no complex or highly-contingent events are necessary for performance of the Plan. In essence, the current state of the business is sufficiently informative to allow creditors to determine how they should vote.

30. Granting conditional approval of the Disclosure Statement and combining a hearing on final approval with the hearing on confirmation is in the best interest of the Debtors, their estates and creditors.

31. The reduction and extension of deadlines necessary to hold a combined hearing on the Plan and Disclosure Statement are not prohibited by Fed. R. Bankr. P. 9006(b), (c).

## CONCLUSION

For the reasons discussed above, the Debtors request that this Court conditionally approve the Disclosure Statement, set a date for a combined hearing on the Disclosure Statement and Plan confirmation, and set related deadlines.

Respectfully Submitted,

Dated: June 4, 2025    **SAUL EWING LLP**

By: */s/ Stephen B. Ravin*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
         turner.falk@saul.com

*Counsel for Debtors and Debtors in Possession*