| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> **SAUL EWING LLP** <br> Stephen B. Ravin, Esquire <br> Turner N. Falk, Esquire <br> One Riverfront Plaza <br> 1037 Raymond Blvd., Suite 1520 <br> Newark, NJ 07102-5426 <br> Telephone: (973) 286-6714 <br> E-mail:  stephen.ravin@saul.com <br>           turner.falk@saul.com <br><br> *Counsel to the Debtors and Debtors in Possession* | |
| In re: <br><br> NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*, <br><br> Debtors.[3] | Chapter 11 <br><br> Case No. 25-11370 (JKS) <br><br> (Jointly Administered) |

## DECLARATION OF KINGA SKALSKA-DYBAS
## CHIEF FINANCIAL OFFICER OF THE DEBTORS

I, Kinga-Skalska-Dybas, hereby declare as follows:

1.   I am the Chief Financial officer of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[4]  I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records.

2.   No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been established in this case.  The Debtors are

---

[3]   The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828. The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

[4]   Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

55670570.2

authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  Collectively, the Debtors form an orthopaedic and sports medicine practice that provides medical and surgical services to patients. The practice also offers services to numerous local schools, as well as medical coverage during high school football games. As of the Petition Date, the practice had four doctors and one mid-level provider.

4.  On the Petition Date, by way of a verified complaint and application for an order to show cause, the Debtors commenced an adversary proceeding (Adv. Pro. No. 25-01036 (JKS)) against Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D., and Academy Orthopaedics LLC (collectively, the "Judgment Creditors"), seeking to set aside the Levy (as defined in the First Day Declaration) on the Debtors' bank accounts as a preferential transfer under 11 U.S.C. §§ 547 and 550 and a violation of the automatic stay in order to unfreeze the necessary funds for immediate operations under 11 U.S.C. § 362 (the "Adversary Proceeding"). [Adv. Pro. D.I. 1].

5.  On March 13, 2025, the Judgment Creditors filed their *Answer to Adversary Complaint, Affirmative Defenses, Counterclaim and Third Party Complaint* [Adv. Pro. D.I. 17]. Throughout the course of the Chapter 11 Cases and the Adversary Proceeding, the Debtors and Judgment Creditors have made appearances in an effort to enforce their respective rights.

6.  During the course of the Chapter 11 Cases and Adversary Proceeding, the Debtors and Judgment Creditors agreed to confer and negotiate the issues in the Adversary Proceeding as well as potential plan confirmation disputes in the Chapter 11 Cases.

7.  Ultimately, the Debtors and Judgment Creditors resolved the issues in connection with the Adversary Proceeding and the Chapter 11 Cases. The Debtors are coordinating with the

Judgment Creditors and drafting a motion for entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure approving the settlement agreement between the Debtors and the Judgment Creditors.

8. Contemporaneously herewith, the Debtors filed their combined disclosure statement (the "Disclosure Statement") and plan of reorganization (the "Plan") that addresses the claims of all creditors of the Debtors' estates.

9. Though the Plan is propounded by the Debtors, the Debtors spent significant amount of time negotiating the Settlement Agreement (as defined in the Plan) with the Judgment Creditors and secured the Judgment Creditors' support for the confirmation of the Plan. A motion to approve the Settlement Agreement will be scheduled for a hearing alongside or before the hearing on confirmation of the Plan.

10. The Disclosure Statement and Plan describe the treatment of all creditor classes and the means for Plan funding.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 4, 2025

Respectfully submitted,

*/s/ Kinga Skalska-Dybas*
Kinga Skalska-Dybas
Chief Financial Officer