| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>            turner.falk@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | Order Filed on July 16, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*,<br><br>                             Debtors.[1] | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Jointly Administered) |

# FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, (II) CONFIRMING THE DEBTORS' FIRST AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION, AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through eighteen (18), is hereby **ORDERED.**

**DATED: July 16, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828. The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

Page:     2
Debtor:   NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.: 25-11370 (JKS)
Caption:  Findings of Fact, Conclusions of Law, and Order  (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

Upon the above-captioned debtors and debtors in possession (the "Debtors"), having:

a. Filed the *Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization* [D.I. 85] (the "Disclosure Statement" and "Plan," as applicable), as approved for solicitation on a conditional basis by the *Order Granting Debtors' Motion for Conditional Approval of Disclosure Statement, Combined Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan and Related Relief* [D.I. 86] (the "Disclosure Statement Order");

b. Served the Disclosure Statement and ballots on all parties pursuant to the Disclosure Statement Order;

c. Filed and served the *Declaration of Kinga Skalska-Dybas Chief Financial Officer of the Debtors in Support of Confirmation of the Plan* [D.I. 93] (the "Declaration");

d. Filed and served the *Certification of Balloting* [D.I. 95] (the "Voting Report").

**NOW, THEREFORE**, the Court having considered the legal and factual bases set forth in the documents filed in support of confirmation and all evidence introduced at the hearing held on confirmation of the Plan (the "Confirmation Hearing"); and upon the entire record of the Debtors' Chapter 11 Cases, including all exhibits introduced into evidence at the Confirmation Hearing; and the Bankruptcy Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 cases; and after due deliberation thereon and good cause appearing therefor:

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

A. **Findings of Fact and Conclusions of Law**

1. All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to Confirmation are hereby incorporated into this Confirmation

34903228.6

Page:     3
Debtor:   NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.: 25-11370 (JKS)
Caption:  Findings of Fact, Conclusions of Law, and Order  (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

Order to the extent not inconsistent herewith. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. To the extent any finding of fact or conclusion of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Court at the Confirmation Hearing and incorporated herein) constitutes an order of this Court, it is adopted as such.

**B.    Jurisdiction and Venue (28 U.S.C. §§ 157(b)(2) and 1334(a))**

2.    This Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b).

**C.    Disclosure Statement Contains Adequate Information**

3.    The Disclosure Statement contains "adequate information" as that term is defined in section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

**D.    Modifications to the Plan**

4.    Pursuant to section 1127 of the Bankruptcy Code, any modifications to the Plan since entry of the Disclosure Statement Order do not materially or adversely affect or change the treatment of Claims or Equity Interests.  Pursuant to rule 3019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that the Holders of Claims or Equity Interests

Page: 4
Debtor: NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.: 25-11370 (JKS)
Caption: Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The disclosure of any Plan modifications prior to or on the record at the Confirmation Hearing constitutes due and sufficient notice of any and all such Plan modifications.

E. **Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))**

5. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code. This specifically includes:

   a. Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class.

   b. Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). The Plan specifies that Class 3 is Unimpaired under the Plan.

   c. Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). The Plan sets forth the treatment of Classes 1, 2(a) and 2(b), which are the Impaired Classes.

   d. No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class except to the extent that a holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest.

   e. Implementation of the Plan (11 U.S.C. § 1123(a)(5)). The Plan and all documents and agreements related to the Plan as presented on the record and set forth in this Order provide adequate and proper means for implementation of the Plan.

   f. Designation of Directors, Officers, or Trustee (11 U.S.C. § 1123(a)(7)). On and after the Effective Date, the Reorganized Debtors will be managed by individuals set forth in the Plan.

   g. Additional Plan Provisions (11 U.S.C. § 1123(b)). The additional provisions of the Plan listed below are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

      (i) Assumption and Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)). As more particularly set forth in the Plan, the Plan provides for the assumption, on the Effective Date, of all of the

Page: 5
Debtor: NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.: 25-11370 (JKS)
Caption: Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

    Debtors' executory contracts and unexpired leases not listed on Exhibit C to the Declaration, and for rejection of all listed leases on Exhibit C to the Declaration on the effective date listed therein.

(ii)     Retention of Claims (11 U.S.C. § 1123(b)(3)). The Plan, as modified by the provisions of this Order, constitutes a complete and final settlement of all Claims by or against the Debtors, inclusive of claims held by the Debtors or their estate pursuant to chapter 5 of the Bankruptcy Code, subject to the right to object to or reduce any Claims against the Debtors on account or any right of setoff or recoupment. Any claims against Insiders held by the Debtors or their estates pursuant to chapter 5 of the Bankruptcy Code are settled and released pursuant to the Plan and/or Settlement Agreement, as applicable.

(iii)     Cure of Defaults (11 U.S.C. § 1123(d)). Any monetary defaults under any assumed contract shall be cured in accordance with Plan Article III.F.

**F.**     **The Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))**

6.     The Debtors have complied with the applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code. The Plan, the Disclosure Statement, the Disclosure Statement Order, the ballots for voting on the Plan, the Declaration, and the other materials distributed by the Debtors in connection with Confirmation of the Plan (collectively, the "Confirmation Materials") provided all parties in interest with due and proper notice of the Confirmation Hearing and the objection deadline to Confirmation. Votes to accept or reject the Plan have been solicited and tabulated fairly, and in good faith. Based on the record before the Court in the Bankruptcy Cases, the Debtors and their respective members, officers, employees, representatives, attorneys, financial advisors, investment bankers, agents, restructuring advisors, and other professionals have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local

34903228.6

Page:     6
Debtor:   NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.: 25-11370 (JKS)
Caption:  Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

Bankruptcy Rules for the District of New Jersey in connection with all of their respective activities relating to the solicitation of acceptances to the Plan, their participation in the Bankruptcy Case, and the activities described in section 1125 of the Bankruptcy Code and therefore are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

G. **Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))**

7.  Any payment made or to be made by the Debtors or by a person acquiring property under the Plan, for services or for costs and expenses in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of, the Court as reasonable.

H. **Identification of Post-Effective Date Management (11 U.S.C. § 1129(a)(5))**

8.  The Debtors disclosed the identity of their post-confirmation management and the nature of compensation of the insiders to be employed by the Reorganized Debtors.

I. **Best Interests of Creditors (11 U.S.C. § 1129(a)(7))**

9.  Each holder of an Impaired Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

10. In that regard, the liquidation analysis and feasibility analysis attached as <u>Exhibits A and B</u> respectively to the Declaration, and the other evidence related thereto in support of the Plan that was submitted or adduced at the Confirmation Hearing: (a) are reasonable, persuasive, credible, and accurate as of the dates such analyses or evidence was prepared, presented, or

Page:      7
Debtor:    NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.:  25-11370 (JKS)
Caption:   Findings of Fact, Conclusions of Law, and Order  (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

proffered; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that holders of Allowed Claims in every Class will recover as much or more under the Plan on account of such Claim or Equity Interest, as of the Effective Date, than the amount such holder would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. Accordingly, the Plan satisfies the "best interest of creditors" test under section 1129(a)(7) of the Bankruptcy Code.

    **J.**    **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))**

    11.    Class 3 is Unimpaired by the Plan pursuant to section 1124 of the Bankruptcy Code and, accordingly, holders of Interests in such Class are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Classes 1, 2(a) and 2(b) are Impaired by the Plan.  These classes have voted unanimously to accept the Plan, as established by the Voting Report.

    **K.**    **Treatment of Administrative Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))**

    12.    The treatment of Administrative Claims and Priority Tax Claims pursuant to the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

    **L.**    **Acceptance By at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))**

    13.    Classes 1, 2(a) and 2(b) are Impaired and entitled to vote under the Plan.  Classes 1, 2(a) and 2(b) have voted to accept the Plan, as established by the Voting Report. Accordingly, all impaired Classes have voted to accept the plan.  As such, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code as to the Debtors.

Page:       8
Debtor:     NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.:   25-11370 (JKS)
Caption:    Findings of Fact, Conclusions of Law, and Order  (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

**M.    Feasibility (11 U.S.C. § 1129(a)(11))**

14.    The Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.  The feasibility analysis attached as Exhibit B to the Declaration, and the other evidence related thereto in support of the Plan that was submitted or adduced at the Confirmation Hearing: (a) are reasonable, persuasive, credible, and accurate as of the dates such analyses or evidence was prepared, presented, or proffered; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establishes that the Plan is feasible and Confirmation is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors.

**N.    Payment of Fees (11 U.S.C. § 1129(a)(12))**

15.    All fees payable pursuant to section 1930 of title 28 of the United States Code due prior to the Effective Date shall be paid by the Debtors on the Effective Date. On and after the Effective Date, the reorganized Debtors shall be responsible for filing post-Confirmation quarterly reports and any pre-Confirmation monthly reports not filed as of the Confirmation Hearing in conformity with the U.S. Trustee guidelines. Each of the reorganized Debtors shall be jointly and severally liable for the payment of all applicable Quarterly Fees in the Debtors' Chapter 11 Cases until (i) the entry of a final decree in the Chapter 11 Cases or (ii) the Chapter 11 Cases are closed, converted, or dismissed.  The U.S. Trustee shall not be required to file any Administrative Claim in the case and shall not be treated as providing any release under the Plan.

34903228.6

Page: 9
Debtor: NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.: 25-11370 (JKS)
Caption: Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

**O.   The Plan is Fair and Equitable (11 U.S.C. § 1129(b))**

16. No Class has rejected the Plan, and therefore section 1129(b) of the Bankruptcy Code is inapplicable.

17. The Debtors have demonstrated by a preponderance of the evidence that the Plan (a) satisfies all of the other requirements of section 1129(a) of the Bankruptcy Code and (b) does not "discriminate unfairly" and is "fair and equitable" with respect to the Holders of Claims and Interests.

18. The Plan does not "discriminate unfairly" against any Holders of Claims or Interests. The treatment of such Holders is proper because all similarly situated Holders will receive substantially similar treatment, and the Debtors have a valid rationale for the Plan's classification scheme and the treatment of the different Classes.

19. The Plan is also "fair and equitable." Specifically, Class 3 retains its equity on account of the New Value Contribution, which is valuable consideration necessary to the consummation and performance of the Plan and the reorganization of the Debtors, on the Effective Date.

20. The Plan therefore satisfies the requirements of section 1129(b) of the Bankruptcy Code and may be confirmed.

**P.   The Plan Maintains Retiree Benefits (11 U.S.C. § 1129(a)(13))**

21. The Plan does not alter the Debtors' provision of retiree benefits. Accordingly, the Plan complies with section 1129(a)(13).

34903228.6

Page:      10
Debtor:    NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.:  25-11370 (JKS)
Caption:   Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

**Q.   Non-Applicability of Certain Sections (11 U.S.C. §1129(a)(14), (15), and (16))**

22.   Sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to these Chapter 11 Cases. The Debtors owe no domestic support obligations, are not an individual, and are each a moneyed, business, or commercial corporation or trust.

**R.   Principal Purpose of the Plan (11 U.S.C. § 1129(d))**

23.   The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

**S.   Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))**

24.   The Debtors have proposed the Plan (including all other documents filed in connection with the Plan, or executed or to be executed in connection with the plan contemplated transactions, and all amendments and modifications of any of the foregoing made pursuant to the provisions of the Plan governing such amendments and modifications (collectively, the "Plan Documents")) in good faith and not by any means forbidden by the law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case, the docket in the Bankruptcy Case and the proceedings therein and considered the testimony and other evidence adduced or provided regarding the formulation of the Plan, the facts and record of the Bankruptcy Case, the Disclosure Statement, and the record of the Confirmation Hearing. The Plan was proposed with the purpose of maximizing the value of the

Page:      11
Debtor:    NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.:  25-11370 (JKS)
Caption:   Findings of Fact, Conclusions of Law, and Order  (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

Debtors' estates and to effectuate a reorganization of the Debtor. The Plan was the product of negotiations conducted at arm's length among the Debtors and certain of their creditors.

## T.  Vesting of Assets

25.  Except as otherwise provided in the Plan, upon the Effective Date, pursuant to Section 1141(b) of the Bankruptcy Code, all property of the estate, except property released or disposed over via the Plan or Settlement Agreement, shall vest with the Reorganized Debtors.

## U.  Compromise, Release and Injunction Provisions

26.  The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the compromises, settlements, releases, and injunctions set forth in the Plan and this Confirmation Order.  Sections 105(a) and 1123(b) of the Bankruptcy Code permit issuance of the injunctions in the Plan.

## V.  Debtor Releases

27.  The releases by the Debtors described in the Plan (the "Debtor Releases") are an integral and necessary part of the Plan and represent a valid exercise of the Debtor's business judgment. The Debtor Releases are in the best interests of the Debtors, the Debtor's' estate, and all Holders of Claims and Equity Interests.

## W.  Injunctions

28.  The injunction provisions set forth in the Plan (the "Injunction Provisions") (a) are an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (b) are an integral element of the transactions incorporated into the Plan; (c)

Page: 12
Debtor: NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.: 25-11370 (JKS)
Caption: Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

confer material benefits on, and are in the best interests of, the Debtors, the Debtors' estates, and their creditors; and (d) are important to the overall objectives of the Plan.

29. The Injunction Provisions were conspicuously set forth in the Disclosure Statement and the Plan.

X. **Retention of Jurisdiction.**

30. Except as otherwise provided in any of the Plan Documents, the Court shall retain jurisdiction over the Bankruptcy Case and all matters arising out of, or related to, the Bankruptcy Case and the Plan.

Y. **Waiver of Stay**

31. Given the facts and circumstances of these cases, it is appropriate that the 14-day stay imposed by Bankruptcy Rule 3020(e) be waived. The Confirmation Order is effective immediately upon entry.

**BASED ON THE FORGOING, IT IS HEREBY ORDERED THAT:**

A. **Final Approval of Disclosure Statement**

32. The Disclosure Statement is approved on a final basis as containing adequate information.

B. **Confirmation**

33. The Plan is confirmed pursuant to Bankruptcy Code section 1129.

34. Any and all objections to the Plan that have not been withdrawn or resolved prior to the Confirmation Hearing are hereby overruled.

Page: 13
Debtor: NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.: 25-11370 (JKS)
Caption: Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

35. The terms of the Plan, the Declaration, and the exhibits thereto are incorporated herein by reference, and are an integral part of this Confirmation Order. The terms of the Plan, and all other relevant and necessary documents shall be effective and binding as of the Effective Date. The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Confirmation Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

36. The compromises, releases and settlements set forth in the Plan are approved, and will be effective immediately and binding on all parties in interest on the Effective Date.

37. All changes, amendments, alterations and modifications (if any) to the Plan made after entry of the Disclosure Statement Order are hereby approved, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to accept the Plan, as altered, amended or modified subsequent to the entry of the Disclosure Statement Order.

C. **Plan Implementation**

38. The Debtors and/or the Reorganized Debtors shall take all steps necessary to implement the Plan or to effectuate, advance or further their respective duties in connection with implementation of the Plan.

39. Filing and Recording. This Confirmation Order is and shall be binding upon and shall govern the acts of all persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars

| | |
|---|---|
| Page: | 14 |
| Debtor: | NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.* |
| Case No.: | 25-11370 (JKS) |
| Caption: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief |

of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including financing statements under the applicable uniform commercial code) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any stamp tax or similar tax imposed by state or local law.

40. <u>Treatment of Executory Contracts and Unexpired Leases</u>. Assumption of Executory Contracts and Unexpired Leases pursuant to Article III.F of the Plan and sections 365(a) and 1123(b)(2) of the Bankruptcy Code is hereby approved. Any executory contract or unexpired lease that (i) has not expired by its own terms on or prior to the Confirmation Date, (ii) has not been assumed, assumed and assigned, or rejected with the approval of the Bankruptcy Court on or prior to the Confirmation Date, or (iii) is not listed on Exhibit C to the Declaration shall be deemed assumed on the Effective Date. Any cure amounts due under said assumed executory contracts and unexpired leases are shall be paid in accordance with Article III.F of the Plan.

41. Any Claim created by the rejection of executory contracts and unexpired leases pursuant to pursuant to Article III.F of the Plan, must be filed with the Bankruptcy Court no later than thirty (30) days after the Effective Date. Any Claim arising from the rejection of an executory contract or unexpired lease pursuant to the Plan for which proofs of Claim are not

| | |
|---|---|
| Page: | 15 |
| Debtor: | NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.* |
| Case No.: | 25-11370 (JKS) |
| Caption: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief |

timely filed within that time period will be forever barred from assertion against the Debtors, the Debtors' estates, the Reorganized Debtors, and their assets and properties, unless otherwise ordered by the Bankruptcy Court. Unless otherwise ordered by the Bankruptcy Court, all such Claims that are timely filed as provided herein shall be treated as General Unsecured Claims under the Plan.

42. <u>Exemption from Transfer Taxes</u>. Pursuant to section 1146(c) of the Bankruptcy Code, none of (a) the issuance, transfer or exchange of any security under, in furtherance of, or in connection with, the Plan, (b) the assignment or surrender of any lease or sublease, or the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale or assignments executed in connection with any disposition of assets contemplated by the Plan, or (c) the disposition and/or encumbrance of assets in connection with any transactions contemplated hereunder, shall be subject to any stamp, real estate transfer, mortgage recording sales, use, or other similar tax.

D. **<u>Compromise and Settlement of Claims, Equity Interests, and Controversies</u>**

43. Pursuant to Bankruptcy Rule 9019 and section 1123(b)(3) of the Bankruptcy Code and in consideration for the classification, distributions, releases, and other benefits provided pursuant to the Plan, on the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims (including the Claims settled by the Settlement Agreement), Equity Interests, controversies, or issues relating to the contractual, legal, and subordination rights that a Holder of a Claim or Equity Interest may have with respect to any Allowed Claim or Equity Interest, or any distribution to be made on account of such

Page:     16
Debtor:   NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.: 25-11370 (JKS)
Caption:  Findings of Fact, Conclusions of Law, and Order  (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

Allowed Claim or Equity Interest.  Notwithstanding the foregoing, confirmation of the Plan does not impact the Debtors' right to object to or reduce any Claims against the Debtors on account or any right of setoff or recoupment.

44. Pursuant to an agreement between the Debtors and 622 Eagle Rock Avenue Realty, LLC ("622 Eagle Rock"), Claim 13-1 filed by 622 Eagle Rock is allowed as a general unsecured Class 2(a) claim in the amount of $300,000.00 and disallowed to the extent that the claim exceeds that amount.

E. **Debtor Releases**

45. The release provisions as set forth in the Plan are approved in their entirety pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and shall be immediately effective as of the Effective Date and binding on all persons to the extent set forth therein.

F. **Injunction**

46. The injunction provisions set forth in the Plan are hereby approved in their entirety pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and shall be immediately effective as of the Effective Date and binding on all persons to the extent set forth therein.

G. **Professional Compensation and Reimbursement Claims**

47. All final requests for compensation or reimbursement of costs and expenses pursuant to sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code for services rendered to the Debtors prior to the Effective Date must be filed with the Bankruptcy Court, no

Page: 17
Debtor: NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.: 25-11370 (JKS)
Caption: Findings of Fact, Conclusions of Law, and Order  (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

later than thirty (30) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to applications of such Professionals or other entities for compensation or reimbursement of costs and expenses must be filed and served on the United States Trustee and the requesting party no later than seven (7) days prior to any hearing to approve the request for compensation or reimbursement of costs and expenses.

### H. Inconsistency

48. In the event of any inconsistency between the Plan and this Confirmation Order, the Confirmation Order governs. In the event of any inconsistency between the Plan, this Confirmation Order and the Settlement Agreement, the Settlement Agreement governs.

### I. Substantial Consummation

49. On the Effective Date, the Plan is deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

### J. Severability

50. Each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is (a) valid and enforceable in accordance with its terms; (b) integral to the Plan and may not be deleted or modified; and (c) nonseverable and mutually dependent.

### K. Administrative Claims Bar Date

51. Except as otherwise provided in the Plan, requests for payment of Administrative Claims (other than Professional Fee Claims) not required to be have been filed by a prior Administrative Claim Bar Date, must be filed and served on the Reorganized Debtors within

34903228.6

Page: 18
Debtor: NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*
Case No.: 25-11370 (JKS)
Caption: Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief

thirty (30) days of the Effective Date. Holders of Administrative Claims that are required to, but do not, file and serve a request for payment of such Administrative Claims by such date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors, the Reorganized Debtors or their property and such Administrative Claims shall be deemed discharged as of the Effective Date. Objections to such requests, if any, must be filed and served on the requesting party no later than sixty (60) days after the Administrative Claims Bar Date.

L. **Authorization to Disburse Funds from Saul Ewing Escrow**

52. Subject to approval of the Settlement Agreement by the Court, on the Effective Date, at the written request of the Debtors' counsel (email being sufficient), Saul Ewing LLP shall release funds from the escrowed funds held in connection with this case, and disburse these funds as directed by the Debtors' counsel.

M. **Waiver of Stay, Confirmation Order Immediately Effective**

53. Notwithstanding any provision of the Bankruptcy Rules to the contrary, the terms and conditions of this Order will be effective and enforceable immediately upon its entry.

34903228.6