| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>              turner.falk@saul.com<br><br>*Counsel to the Debtors* | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*,<br><br>Debtors.[1] | HEARING DATE AND TIME:<br>September 30, 2025 at 10:00 a.m.<br>OBJECTION DEADLINE:<br>September 23, 2025 |

# NOTICE OF DEBTORS' MOTION OBJECTING TO THE CLAIMS OF MICHAEL SHINDLE

**PLEASE TAKE NOTICE** that on **September 30, 2025 at 10:00 a.m.** (Eastern Time), or as soon thereafter as counsel may be heard, the above-captioned debtors (the "Debtors"), by and through their undersigned counsel, will move before the Honorable John K. Sherwood, United States Bankruptcy Judge, at the United States Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102, Courtroom 3D, for entry of an order, substantially in the form submitted herewith, objecting to and seeking disallowance of the proof of claim filed by Michael Shindle (the "Motion").

---

[1]     The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828.  The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

55916580.6

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely upon the Motion submitted concurrently herewith and the declaration and exhibits thereto. The Debtors submit that no separate memorandum of law is necessary because the applicable law is adequately set forth in the supporting Motion.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the United States Bankruptcy Court in accordance with D.N.J. LBR 9013-2 by **September 23, 2025**.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that oral argument is hereby waived unless timely objection is received.

[*Remainder of page left intentionally blank*]

**PLEASE TAKE FURTHER NOTICE** that an order granting the relief requested herein is submitted herewith and made part of the Motion herein.

Dated: August 28, 2025 **SAUL EWING LLP**

By: */s/ Turner N. Falk*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
       turner.falk@saul.com

*Counsel to the Debtors*

55916580.6

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>           turner.falk@saul.com<br><br>*Counsel to the Debtors* | |
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Jointly Administered) |

## DEBTORS' MOTION OBJECTING TO THE CLAIMS OF MICHAEL SHINDLE

By this motion (this "Motion"), the debtors in the above-captioned cases (the "Debtors") hereby move, pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), Rules 3001, 3007, 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") objecting to the claims of Michael Shindle, and state as follows:

---

[1] The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828. The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

55916580.6

**I.      JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 502 of the Bankruptcy Code, Bankruptcy Rules 3001, 3007 and 9014, and Local Rule 3007-1.

4. The Debtors consent to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**II.     BACKGROUND**

5. On February 10, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

6. The non-governmental bar date in this case was April 21, 2025.

7. The Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief* [D.I. 99] on July 16, 2025, confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization (the "Plan").

8. The Plan is effective as of July 16, 2025, and the reorganized Debtors retain the right to object to claims filed prior to confirmation.

9. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Kinga Skalska-Dybas in Support of First Day Relief* [D.I. 7] (the "First Day Declaration").

10. Collectively, the Debtors form an orthopaedic and sports medicine practice that provides medical and surgical services to patients. The practice also offers services to numerous local schools, as well as medical coverage during high school football games. As of the Petition Date, the practice had four doctors and one mid-level provider. *See* the *Declaration of Kinga Skalska-Dybas in support of the Motion,* attached hereto.

11. Michael Shindle was one of the doctors with the practice on the Petition Date.

12. On March 28, 2025, Dr. Shindle filed proof of claim 5-1.

13. This claim was subsequently amended on March 28, 2025, by the filing of proof of claim 5-2 (the "Proof of Claim").

14. The Proof of Claim asserts an unsecured claim in the amount of $661,775.68 against Debtor New Jersey Orthopaedic Institute LLC on account of an "employment agreement."

15. No employment agreement is attached to the Proof of Claim.

16. The addendum attached to the Proof of Claim alleges the basis for this amount is as follows:

- Earned Performance Bonus: $208,562.68
- Cost of Tail Coverage: $53,193.00
- Salary Continuation: $400,000.00

17. Dr. Shindle did not pay the medical malpractice insurance tail coverage in the amount of $53,193.00.

18. There is no contractual basis in Dr. Shindle's employment agreement for any form of "salary continuation."

3

19. The terms of Dr. Shindle's employment with the Debtors required him to work full-time for the Debtors.

20. In the year preceding the Petition Date, Dr. Shindle routinely worked less than full time, blocking off his schedule during work hours to study for the Boards examination.

21. Dr. Shindle often limited his work hours to less-than-full-time without any adequate justification, in breach of his employment contract.

22. Just prior to the Petition Date, Dr. Shindle induced the Debtors to pay for his registration for a medical conference. At the time the Debtors paid for the conference, Dr. Shindle already intended to leave the Debtors' practice.

23. Upon information and belief, Dr. Shindle attended the conference the Debtors paid for, to his benefit.

24. On February 28, 2025, shortly after the Petition Date, Dr. Shindle quit working for the Debtors and took up employment at a competing orthopedic practice.

25. Dr. Shindle opened an office in Clifton, New Jersey, where Dr. Shindle had previously performed procedures for the Debtors.

26. This was done in violation of a restrictive covenant in his employment agreement that prohibits him from conducting competing business in a facility where he had previously performed procedures for the Debtors.

27. Subsequently, Dr. Shindle repeatedly contacted employees of the Debtors, attempting to solicit them to leave the Debtors and join his practice.

28. The Debtors have been harmed, both prepetition and postpetition, by Dr. Shindle's conduct and have resulting rights of setoff.

III. **RELIEF REQUESTED**

55916580.6

A. **Disallowance of Unsupported Claim**

29. Pursuant to Bankruptcy Rule 3001(c)(1), when a claim is based on a writing, "a copy of the writing shall be filed with the proof of claim."

30. Pursuant to Bankruptcy Rule 3001(f), a proof of claim filed "in compliance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

31. "The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid." *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502–22 (15th ed. 1991)). In other words, "a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward." *In re Allegheny Intern., Inc.*, 954 F. 2d 167, 175 (3d Cir. 1992).

32. The ultimate burden of persuasion is always on the claimant. *Holm*, 931 F.2d at 623 (quoting Collier § 502.02, at 502–22).

33. The Proof of Claim does not include a writing or any other information substantiating the validity and amount claimed.

34. Because it was not filed in compliance with the Bankruptcy Rules, the Proof of Claim does not even establish its own prima facie validity.

35. The Proof of Claim cannot "prove itself" and does not make a showing that this creditor is entitled to payment.

36. The Claim must be disallowed.

B. **Disallowance of Unenforceable Claim Pursuant to 11 U.S.C. § 502(b)(1)**

37. A proof of claim is allowed unless "a party in interest" objects. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000); 11 U.S.C. § 502(a).

38. Pursuant to 11 U.S.C. § 502(b)(1), a party in interest may object to a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Such an objectionable claim must be disallowed to the extent it is unenforceable.

39. The alleged "Cost of Tail Coverage: $53,193.00" in the Proof of Claim was not paid by Dr. Shindle, and Dr. Shindle has not alleged any legal basis to require the Debtors to pay if for him.

40. This amount is not an obligation owed to Dr. Shindle, and must be disallowed.

41. The alleged "Salary Continuation: $400,000.00" in the Proof of Claim is not based on any provision of Dr. Shindle's employment arrangement or applicable law.

42. Dr. Shindle voluntarily resigned from the Debtors.

43. In fact, this asserted claim is purely fantastical, and has no good-faith basis whatsoever. This amount must be disallowed.

    C. **Reduction of Proof of Claim via Setoff and/or Recoupment**

44. Subject to the restrictions of 11 U.S.C. § 553, a debtor may reduce the amount of a claim by setting off a countervailing mutual obligation. *See generally Lee v. Schweiker*, 739 F.2d 870 (3d Cir. 1984); *See, also In re Bevill, Bresler & Schulman Asset Mgmt.*, 896 F.2d 54 (3d Cir. 1990) (contractual obligations are debts for purposes of setoff).

45. A debtor may also reduce the amount of a claim via recoupment if the obligations owed between the parties arise out of the same transaction. *In re Hiler*, 99 B.R. 238, 244 (Bankr. D.N.J. 1989) (allowing reduction of creditor's claims against the debtor via recoupment).

46. The Debtors have three offsetting obligations owed to them by Dr. Shindle.

47. First, Dr. Shindle repeatedly breached his employment agreement by working less-than-full-time, and by using his work hours to study for the Boards examination or for other personal time.

48. Second, after Dr. Shindle left his employment with the Debtors he instantly breached the restrictive covenant in his employment agreement, setting up a competing office in the same town as one of the Debtors' offices.

49. Third, Dr. Shindle has repeatedly solicited the Debtors' employees to leave the Debtors during the pendency of the bankruptcy case, in violation of both the automatic stay and in tortious interference with the Debtors' present and future contracts with those employees.

50. The damages caused by these violations are presently unliquidated.

51. These harms caused to the Debtors may be set off against the amounts alleged in the Proof of Claim.

52. The Proof of Claim must be reduced by no less than the total amount of these offsets.

## IV. CONCLUSION

For the reasons discussed above, this Court must grant the Motion disallowing the Proof of Claim.

Dated: August 28, 2025

**SAUL EWING LLP**

By: */s/ Stephen B. Ravin*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
turner.falk@saul.com
*Counsel for the Debtors*

7

55916580.6

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>           turner.falk@saul.com<br><br>*Counsel to the Debtors* | |
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*,<br><br>                              Debtors.[1] | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Jointly Administered) |

## ORDER GRANTING DEBTORS' MOTION OBJECTING TO THE CLAIMS OF MICHAEL SHINDLE

The relief set forth on the following page numbered two (2) is hereby **ORDERED**.

---

[1]     The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828. The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

55916580.6

**Page 2**
**Debtor:** **New Jersey Orthopaedic Institute LLC, et. al.**
**Case No:** **Case No. 25-11370 (JKS)**
**Caption of Order:** **Order Granting Debtors' Objection to Claims of Michael Shindle**

---

AND NOW, upon consideration of the motion of the above-captioned debtors objecting to the claims of Michael Shindle (the "Motion"), and in consideration of any responses thereto, and after notice and an opportunity for a hearing it is hereby ORDERED:

1. The Motion is GRANTED to the extent set forth herein.

2. Proof of Claim number 5 filed by Michael Shindle is DISALLOWED.

55916580.6

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>            turner.falk@saul.com<br><br>*Counsel to the Debtors* | |
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Jointly Administered) |

## CERTIFICATION OF SERVICE

1. I, <u>Turner N. Falk</u>:

   ☒ represent the <u>Debtors</u> in this matter.

   ☐ am the secretary/paralegal for _____, who represents the _____ in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On <u>August 27, 2025</u>, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

   1. Motion Objecting to Claim
   2. Declaration in Support of Motion
   3. Proposed Order

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

   Dated: <u>August 28, 2025</u>            /s/ *Turner N. Falk*
                                              Signature

---

[1] The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828. The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

55916580.6

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| United States Trustee<br>Office of the United States Trustee<br>One Newark Center, Suite 2100<br>Newark, NJ 07102-5235 | U.S. Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF (L.B.R. 5005-1)____<br>(As authorized by the Court or by rule. Cite rule if applicable) |
| Michael Shindle<br>35 Meadow Lane<br>Morristown NJ 07960 | Claimant | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other _____<br>(As authorized by the Court or by rule. Cite rule if applicable) |
| MEYNER AND LANDIS LLP<br>c/o Angela Nascondiglio Stein, Esq.<br>One Gateway Center, Suite 2500<br>Newark, New Jersey 07102 | Counsel to Claimant | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other Overnight Mail____<br>(As authorized by the Court or by rule. Cite rule if applicable) |
| All Parties That Have Entered an Appearance | Interested Party | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF (L.B.R. 5005-1)____<br>(As authorized by the Court or by rule. Cite rule if applicable) |

2

55916580.6