| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>           turner.falk@saul.com<br><br>*Counsel to the Debtors* | |
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Jointly Administered) |

### DECLARATION OF KINGA SKALSKA-DYBAS IN SUPPORT OF DEBTORS' MOTION OBJECTING TO THE CLAIMS OF MICHAEL SHINDLE

I, Kinga-Skalska-Dybas, hereby declare as follows:

1.   I am the Chief Financial officer of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[2]  I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records.

2.   On February 10, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

---

[1]   The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828.  The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

[2]   Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

55916580.6

3. The non-governmental bar date in this case was April 21, 2025.

4. The Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief* [D.I. 99] on July 16, 2025, confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization (the "Plan").

5. The Plan is effective as of July 16, 2025, and the reorganized Debtors retain the right to object to claims filed prior to confirmation.

6. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Kinga Skalska-Dybas in Support of First Day Relief* [D.I. 7] (the "First Day Declaration").

7. Collectively, the Debtors form an orthopaedic and sports medicine practice that provides medical and surgical services to patients. The practice also offers services to numerous local schools, as well as medical coverage during high school football games. As of the Petition Date, the practice had four doctors and one mid-level provider. *See* the *Declaration of Kinga Skalska-Dybas in support of the Motion,* attached hereto.

8. Michael Shindle was one of the doctors with the practice on the Petition Date.

9. On March 28, 2025, Dr. Shindle filed proof of claim 5-1.

10. This claim was subsequently amended on March 28, 2025, by the filing of proof of claim 5-2 (the "Proof of Claim").

11. The Proof of Claim asserts an unsecured claim in the amount of $661,775.68 against Debtor New Jersey Orthopaedic Institute LLC on account of an "employment agreement."

12. No employment agreement is attached to the Proof of Claim.

13.     The addendum attached to the Proof of Claim alleges the basis for this amount is as follows:

- Earned Performance Bonus: $208,562.68
- Cost of Tail Coverage: $53,193.00
- Salary Continuation: $400,000.00

14.     Dr. Shindle did not pay the medical malpractice insurance tail coverage in the amount of $53,193.00.

15.     There is no contractual basis in Dr. Shindle's employment agreement for any form of "salary continuation."

16.     The terms of Dr. Shindle's employment with the Debtors required him to work full-time for the Debtors.

17.     In the year preceding the Petition Date, Dr. Shindle routinely worked less than full time, blocking off his schedule during work hours to study for the Boards examination.

18.     Dr. Shindle often limited his work hours to less-than-full-time without any adequate justification, in breach of his employment contract.

19.     Just prior to the Petition Date, Dr. Shindle induced the Debtors to pay for his registration for a medical conference. At the time the Debtors paid for the conference, Dr. Shindle already intended to leave the Debtors' practice.

20.     Upon information and belief, Dr. Shindle attended the conference the Debtors paid for, to his benefit.

21.     On February 28, 2025, shortly after the Petition Date, Dr. Shindle quit working for the Debtors and took up employment at a competing orthopedic practice.

22.     Dr. Shindle opened an office in Clifton, New Jersey, where Dr. Shindle had previously performed procedures for the Debtors.

3

23. This was done in violation of a restrictive covenant in his employment agreement that prohibits him from conducting competing business in a facility where he had previously performed procedures for the Debtors.

24. Subsequently, Dr. Shindle repeatedly contacted employees of the Debtors, attempting to solicit them to leave the Debtors and join his practice.

25. The Debtors have been harmed, both prepetition and postpetition, by Dr. Shindle's conduct and have resulting rights of setoff.

26. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 28, 2025

Respectfully submitted,

*/s/ Kinga Skalska-Dybas*
Kinga Skalska-Dybas
Chief Financial Officer