| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>SAUL EWING LLP<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>            turner.falk@saul.com<br><br>*Counsel to the Debtors* | |
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Jointly Administered)<br><br>HEARING DATE AND TIME:<br>September 30, 2025 at 10:00 a.m.<br><br>OBJECTION DEADLINE:<br>September 23, 2025 |

### DEBTORS' MOTION FOR ISSUANCE OF A FINAL DECREE (I) CLOSING THE DEBTORS' CHAPTER 11 CASES; AND (II) GRANTING RELATED RELIEF

By this motion (this "Motion"), the debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), closing all of the Debtors' Chapter 11 Cases and granting related relief. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828. The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

56196085.1

**BACKGROUND**

1. On February 10, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. Collectively, the Debtors form an orthopaedic and sports medicine practice that provides medical and surgical services to patients. The practice also offers services to numerous local schools, as well as medical coverage during high school football games. As of the Petition Date, the practice had four doctors and one mid-level provider. *See* the *Declaration of Kinga Skalska-Dybas Chief Financial Officer of the Debtors* attached hereto.

3. Further information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Kinga Skalska-Dybas in Support of First Day Relief* [D.I. 7] (the "First Day Declaration").

4. The Court entered the *Finding of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, (II) Confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization, and (III) Granting Related Relief* [D.I. 99] (the "Confirmation Order") on July 16, 2025, confirming the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization (the "Plan").

5. The Confirmation Order was not appealed, and is now a final order.

6. Pursuant to the Confirmation Order, the Plan is effective immediately upon entry of the Confirmation Order.

7. The Debtors, as reorganized debtors, have continued the business operations of the Debtors pursuant to the Plan.

56196085.1

8. Following the entry of the Confirmation Order, the Debtors commenced distributions of money and property under the Plan. The Plan has been substantially consummated.

9. One motion – a claims objection – is pending and will be heard on the same date as the instant Motion.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The statutory basis for the relief requested herein are sections 350(a) and 1101(2) of the Bankruptcy Code, Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## RELIEF REQUESTED

12. By this Motion, pursuant to sections 350 and 1101 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, the Debtors seek entry of a final decree closing the Debtors' Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED

13. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."[2] 11 U.S.C. § 350. Rule 3022 of the Bankruptcy Rules further provides that "[a]fter an estate is fully

---

[2] The status of a debtor-in-possession as a trustee normally is deemed terminated upon confirmation of the plan of reorganization. See In re Jay Bee Enter., Inc., 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

56196085.1

administered . . . the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

14. Neither the Bankruptcy Code nor the Bankruptcy Rules provide a precise definition of the term "fully administered." The Advisory Committee Note to Rule 3022 states that:

> [f]actors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property under the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991).

15. Bankruptcy courts, including in this circuit, tend to look to the above six factors to determine whether a case has been "fully administered." See e.g., In re SLI, Inc., No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005); In re Ginko Assocs., L.P., No. 05-19436BF, 2009 WL 2916917, at *2 (Bankr. E.D. Pa. June 25, 2009). Notably, "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before a case is closed." Id.; see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); Walnut Assocs. v. Saidel, 164 B.R 487, 493 (E.D. Pa. 1994) (citing *In re Mold Makers, Inc.,* 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

16. In addition to the factors set forth above, courts have considered whether a debtor's chapter 11 plan has been substantially consummated in determining whether a case has been fully

4

administered. See In re Gates Cmty. Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) ("In addition, several courts have concluded that a Chapter 11 case should be considered "fully administered" when it reaches the point of substantial consummation."). Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

17. In these Chapter 11 Cases, based upon the six factors outlined above, the Debtors believe the case is fully administered. First, the Confirmation Order is final. Second, there are no deposits required by the Debtors under the Plan. Third, any property proposed to be transferred by the Debtors to the reorganized Debtors has been conveyed. Fourth, the reorganized Debtors have assumed the business and management of the Debtors' property under the Plan. Fifth, payments under the Plan have commenced. Sixth, the only pending contested matter will be resolved on the same date as the hearing date of this Motion. Given the foregoing, the Debtors respectfully submit that these Chapter 11 Cases are "fully administered."

18. Furthermore, the Proposed Order submitted herewith provides for this Court to retain jurisdiction for the following purposes: (a) to permit the Court to enforce any of its orders issued in these Chapter 11 Cases; (b) to enforce the terms and conditions of the Plan; and (c) to consider any proper requests to reopen these Chapter 11 Cases under section 350(b) of the Bankruptcy Code. Thus, the closing of these Chapter 11 Cases under section 350(a) does not foreclose the possibility of completing additional administration of these Chapter 11 Cases should

5

the need arise. *See In re Gates Community Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) ("[T]he entry of a final decree in no way completely deprives the court of jurisdiction to reopen the case, enforce or interpret an Order or determine a pertinent issue.").

WHEREFORE, the Debtors respectfully request entry of an order issuing a final decree, substantially in the form attached hereto as **Exhibit A**: (i) closing the Debtors' Chapter 11 Cases and (ii) granting the Debtors' such other and further relief as is just and proper.

Dated: September 8, 2025                              **SAUL EWING LLP**

By:*/s/ Turner N. Falk*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:stephen.ravin@saul.com
          turner.falk@saul.com

*Counsel for Debtors*

6

56196085.1