



Turner N. Falk
Phone: (215) 972-8415

turner.falk@saul.com

www.saul.com

September 26, 2025

Chambers of The Honorable John K. Sherwood
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

Re:   In re: New Jersey Orthopaedic Institute LLC, et al., Case No.: 25-11370 (JKS); Docket Nos. 118 & 126

Dear Judge Sherwood:

On September 8, 2025 the debtors in the above referenced case (the "**Debtors**") filed the *Debtors' Motion for Issuance of a Final Decree (I) Closing the Debtors' Chapter 11 Cases; and (II) Granting Related Relief* [Docket No. 118] (the "**Motion**"). On September 23, 2025, counsel for Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D., and Academy Orthopaedics, LLC (the "**Judgment Creditors**") filed the *Limited Objection to Debtors' Motion for Final Decree (I) Closing the Debtors' Chapter 11 Cases; and (II) Granting Related Relief* [Docket No. 126] (the "**Objection**"). Please let this letter serve as the Debtors' reply to the Objection.

In the Objection, the Judgment Creditors oppose closure of the Debtors' chapter 11 cases because the Debtors, allegedly, have not yet confirmed the entire funding shortfall under the Cash Balance Plan has been made and that the required distributions from the Cash Balance Plan have not been issued to the Judgment Creditors. Absent provision of the assurances sought by the Judgment Creditors in the Objection, the Judgment Creditors seek denial of the Motion.

As certified in the *Declaration of Kinga Skalska-Dybas Chief Financial Officer of the Debtors* (the "**Declaration**") attached to the Motion, the Debtors, as reorganized debtors, have continued the business operations of the Debtors in accordance with the plan (the "**Plan**"), which was approved by the Court's confirmation order (the "**Confirmation Order**") entered on July 16, 2025. *See* Docket No. 99. The Declaration also certifies that after entry of the Confirmation Order, the Debtors commenced distributions of money and property under the Plan and that the Plan has been substantially consummated.

Centre Square West, 1500 Market Street 38th Floor ◆ Philadelphia, PA 19102-2186 ◆ Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

56348293.1 09/26/2025

Based upon the facts and the arguments set forth herein, the Debtors respectfully request the Court to overrule the Objection and enter an order, substantially in the form attached to the Motion as "Exhibit A," (i) closing the Debtors' chapter 11 cases and (ii) granting the Debtors' such other and further relief as is just and proper.

### A. Completion of Distributions is Not a Requirement to Close a Chapter 11 Case.

The Judgment Creditors largely rely on the assertion that "the Debtors have not made all of the required distributions under the Plan" as grounds for opposing the Motion. *See* Objection ¶ 2. In support of the Objection, the Judgment Creditors cite to Advisory Committee Note to Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rule 3022, which provides that "[f]actors that the court should consider in determining whether the estate has been fully administered include: . . . (3) whether the property proposed by the plan to be transferred has been transferred." Fed. R. Bankr. P. 3022, Advisory Committee Note 1991.

Advisory Committee Note to Bankruptcy Rule 3022 **also** includes "(5) whether payments under the plan have *commenced*" as part of its list. *Id*. (emphasis added). As distinguished by the Advisory Committee Note to Bankruptcy Rule 3022, the completion of the transfer of property as contemplated by the Plan and whether payments under the Plan have commenced should not be viewed as one of the same.

The Judgment Creditors cite to *Walnut Associates v. Saidel*, 164 B.R. 487 (E.D. Pa. 1994) in support of the Objection. In *Walnut*, the debtor's ownership interest in a building was its single largest asset and the court confirmed the debtor's plan of reorganization. *Walnut*, 164 B.R. at 489. The court in *Walnut*, as the Judgment Creditors highlight in the Objection, noted that the meaning of "substantial consummation" under section 1101(2) of the Bankruptcy Code includes: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred." *Walnut*, 164 B.R. at 493 (quoting 11 U.S.C. § 1101(2)). However, section 1101(2) of the Bankruptcy Code also includes "(C) *commencement* of distribution under the plan" as part of the meaning of "substantial consummation." *Walnut*, 164 B.R. at 493 (quoting 11 U.S.C. § 1101(2)) (emphasis added).

Neither the above-referenced Advisory Committee Note to Bankruptcy Rule 3022 nor section 1101(2) of the Bankruptcy Code require that distributions as provided under a plan be complete to close a chapter 11 case. Instead, the Advisory Committee Note to Bankruptcy Rule 3022 and section 1101(2) of the Bankruptcy Code specifically contemplate whether distributions have **commenced**. Here, the Debtors have commenced payments under the Plan.

In addition to commencing payments under the Plan, and in satisfaction of the remaining factors articulated in Advisory Committee Note to Bankruptcy Rule 3022, the Confirmation Order is final, there are no deposits required by the Debtors under the Plan, any property proposed to be transferred by the Debtors to the reorganized Debtors has been conveyed, the reorganized Debtors have assumed the business and management of the Debtors' property under the Plan, and the only pending contested matter will be resolved on the same date as the hearing of this Motion. Accordingly, the Debtors respectfully submit that these chapter 11 cases are "fully administered."

    For the reasons described herein, the Debtors respectfully request that the Court overrule the Objection and enter an order, substantially in the form attached to the Motion as "Exhibit A," (i) closing the Debtors' chapter 11 cases and (ii) granting the Debtors' such other and further relief as is just and proper.

    Sincerely,

*/s/ Turner N. Falk*
Turner N. Falk, Esq.

*Counsel for Debtors*

cc:    Stephen B. Ravin (stephen.ravin@saul.com)
       Maxwell M. Hanamirian (maxwell.hanamirian@saul.com)
       Carl J. Soranno (csoranno@bracheichler.com)