



Turner N. Falk
Phone: (215) 972-8415

turner.falk@saul.com

www.saul.com

September 26, 2025

Chambers of The Honorable John K. Sherwood
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

    Re:    In re: New Jersey Orthopaedic Institute LLC, et al., Case No.: 25-11370 (JKS); Docket Nos. 112 & 125

Dear Judge Sherwood:

On August 28, 2025 the debtors in the above referenced case (the "**Debtors**") filed the *Debtors' Motion Objecting to the Claims of Michael Shindle* [Docket No. 112] (the "**Motion**"). On September 22, 2025, counsel for Dr. Shindle filed *Michael Shindle's Certification in Opposition to Debtor's Motion Objecting to Claim* [Docket No. 125] (the "**Objection**"). Please let this letter serve as the Debtors' reply to the Objection.

First, the Objection is not a valid responsive filing. It is a bare certification by Dr. Shindle, with some attached exhibits, containing no legal argument, no brief and no citation to any kind of law. While it was filed by Dr. Shindle's counsel, it includes no contribution from counsel. The Objection, a kind of hybrid filing that is effectively a *pro se* document filed by counsel, should not be considered by this Court.

Second, the substantive grounds in the Objection are factually unsupported and legally baseless.

**Productivity Bonus and Setoff:**

The Debtors acknowledge that Dr. Shindle was initially entitled to a productivity bonus of $208,452.68. However, that amount must be reduced via setoff on account of his breaches of his employment contract. Dr. Shindle did not devote his full efforts to work for the Debtors, and did indeed study for his examinations during business hours.

Dr. Shindle did indeed violate a restrictive covenant: in the employment contract he attached to his Objection, he is prohibited from working within 5 miles of the Debtors' main office **or** "any

Centre Square West, 1500 Market Street 38th Floor ◆ Philadelphia, PA 19102-2186 ◆ Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

56372567.3 09/26/2025

other location at which [Dr. Shindle] has provided more than 10% of his services on behalf of the Practice during any period of twelve (12) consecutive months during the Term." *See* Objection, Ex. B ¶ 13(B)(iii)(a). The Objection addresses only the area limitation, and not this "key services location" covenant. Dr. Shindle's current place of employment is at a location where he previously provided more than 10% of his services for the Debtors. He has breached this restrictive covenant, causing the Debtors damages.

Dr. Shindle also breached the term of his employment agreement prohibiting him from soliciting Debtor employees. *See* Objection, Ex. B ¶ 13(B)(iii)(b).

The damages from these breaches must be applied to reduce the amount of Dr. Shindle's claim.

**"Lost Wages":**

Dr. Shindle seeks a claim of $400,000 for "lost wages." He has not asserted a legal basis for this portion of the claim, and the employment agreement provides none.

Per the employment agreement, $400,000 is an entire year's salary. See Objection ¶ 7. Dr. Shindle admits that he voluntarily quit on February 22, 2025. *Id*. at ¶ 2. Dr. Shindle further admits that he currently has employment. Upon information and belief, Dr. Shindle obtained new employment immediately after leaving the Debtors. He admits that he is employed as of the date of the Objection. Id. at ¶ 11.

There is no legal or contractual basis for Dr. Shindle to claim lost wages after a voluntary resignation. Further, Dr. Shindle's sworn statements in the Proof of Claim (as defined in the Motion) and the Objection are **knowingly false**: he claims an entire year's salary as damages, while admitting that he is employed less than 7 months from the date he left the Debtors. In fact, he was unemployed for only the most minimal period, if any. Even if Dr. Shindle was entitled to lost wages under any theory, he has no such loss.

**Malpractice Coverage:**

Dr. Shindle resigned from the Debtors. He does not point to any provision in his employment contract that requires the Debtors to provide him malpractice coverage after a voluntary resignation and the termination of his employment contract. The purported malpractice insurance payment document, attached to the Objection as Exhibit D, is totally insufficient to support Dr. Shindle's $53,034 claim against the Debtors. It does not reference the Debtors, or indicate what specific coverage or policy extension it relates to. It does not show that Dr. Shindle actually paid the amount indicated. It does indicate that it was issued June 9, 2025 – months after Dr. Shindle resigned, and months postpetition.

Additionally, Dr. Shindle admits that he "could not obtain employment without this coverage in place." *Id.* at ¶ 9. That is, Dr. Shindle alleges that he paid for this malpractice insurance in order to get another job, but expects the Debtors to cover it for him.

    For the reasons described herein, the Debtors respectfully request that the Court overrule the Objection and enter an order, substantially in the form attached to the Motion as "Exhibit A," (i) disallowing Dr. Shindle's Proof of Claim and (ii) granting the Debtors' such other and further relief as is just and proper.

                                            Sincerely,

                                            */s/ Turner N. Falk*
                                            Turner N. Falk, Esq.

                                            *Counsel for Debtors*

cc:     Stephen B. Ravin (stephen.ravin@saul.com)
        Maxwell M. Hanamirian (maxwell.hanamirian@saul.com)
        Angela Nascondiglio Stein (astein@meyner.com)
        William J. Fiore (wfiore@meyner.com)